# EXHIBIT A

21-2524
*City of Riviera Beach Gen. Emps. Ret. Sys. et al. v. Macquarie Infrastructure Corp. et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of August, two thousand twenty-four.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

MOAB PARTNERS, L.P.,

> *Lead Plaintiff-Appellant*,

CITY OF RIVIERA BEACH GENERAL EMPLOYEES RETIREMENT SYSTEM, *on behalf of itself and all others similarly situated*,

> *Plaintiff*,

> > v.                                                                 No. 21-2524

MACQUARIE INFRASTRUCTURE CORPORATION, JAMES HOOKE, JAY DAVIS, LIAM STEWART, RICHARD D. COURTNEY, BARCLAYS CAPITAL INC., ROBERT CHOI, MARTIN STANLEY, NORMAN H. BROWN, JR., GEORGE W. CARMANY, III, HENRY E. LENTZ, OUMA SANANIKONE, WILLIAM H. WEBB, MACQUARIE INFRASTRUCTURE MANAGEMENT (USA) INC.,

> *Defendants-Appellees*.

_____

CERTIFIED COPY ISSUED ON 08/19/2024

**FOR LEAD PLAINTIFF-APPELLANT:**       SALVATORE J. GRAZIANO, Lauren A. Ormsbee, Jesse L. Jensen, James M. Fee, Bernstein Litowitz Berger & Grossmann LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**       *Macquarie Infrastructure Corporation, James Hooke, Jay Davis, Liam Stewart, Richard D. Courtney, Robert Choi, Martin Stanley, Norman H. Brown, Jr., George W. Carmany, III, Henry E. Lentz, Ouma Sananikone, and William H. Webb*

JOHN E. SCHREIBER, Frank S. Restagno, Winston & Strawn LLP, New York, NY.

Linda T. Coberly, Winston & Strawn LLP, Chicago, IL.

Lauren Gailey, Winston & Strawn LLP, Washington, DC.

Richard W. Reinthaler, Pinehurst, NC.

*Macquarie Infrastructure Management (USA) Inc.*

Christopher M. Paparella, Justin Ben-Asher, Steptoe & Johnson LLP, New York, NY.

*Barclays Capital Inc.*

Susanna M. Buergel, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY

Remand from the Supreme Court of the United States, No. 22–1165.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 7, 2021 judgment of the district court is **VACATED IN PART**, **AFFIRMED IN PART,** and that the case is **REMANDED** for further proceedings.

2

**BACKGROUND**

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we recount only in a limited manner to explain our decision.

Plaintiff Moab Partners, L.P. ("Moab") appeals from a judgment of the United States District Court for the Southern District of New York dismissing Moab's consolidated amended complaint (the "Complaint") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moab brought claims against Defendants Macquarie Infrastructure Corporation ("MIC"), MIC's manager, Macquarie Infrastructure Management (USA) Inc. ("MIMUSA"), MIC's underwriter for its November 2016 secondary public offering, Barclays Capital Inc., and certain former executives and directors of MIC, International-Matex Tank Terminals ("IMTT"), and MIMUSA (collectively, "Defendants").

The Complaint alleges violations of: (1) Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and United States Securities and Exchange Commission ("SEC") Rule 10b-5 ("Count One"); (2) Section 20(a) of the Exchange Act ("Count Two"); (3) Section 20A of the Exchange Act ("Count Three"); (4) Section 11 of the Securities Act of 1933 ("Securities Act") ("Count Four"); (5) Section 12(a)(2) of the Securities Act ("Count Five"); and (6) Section 15 of the Securities Act ("Count Six"). The crux of Moab's claims is that Defendants made material omissions and false and misleading "half-truth" statements regarding IMTT, one of MIC's top-performing subsidiaries.

This Court previously held that Moab adequately pleaded material omissions and facts giving rise to a strong inference of scienter and, as such, vacated the judgment of the district court and remanded for further proceedings. This case is now before us on remand from the Supreme Court of the United States, which vacated this Court's decision in part and remanded for further

3

proceedings consistent with the Supreme Court's opinion. *See Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257 (2024). In doing so, the Supreme Court clarified that, despite our Circuit's "binding precedent" holding to the contrary, "Rule 10b-5(b) does not proscribe pure omissions." *Id.* at 262, 264.

On remand, we invited the parties to submit supplemental letter briefs addressing:

> Whether, in light of the Supreme Court's opinion . . . , the Plaintiff's Complaint adequately alleges that the Defendants made material omissions and false and misleading statements in violation of the Securities Exchange Act of 1934 . . . , the Securities Act of 1933 . . . , and the regulations promulgated thereunder.

No. 21-2524, ECF No. 163.

## **DISCUSSION**

Having given due consideration to the Supreme Court's decision in *Macquarie*, and the parties' supplemental briefing, we conclude that the Supreme Court's opinion: (1) required reconsideration of Moab's claims under Count One; and (2) did not disturb our previous analysis with respect to Counts Two, Three, Four, Five, and Six.

### I.    **Count One**

After reviewing the Supreme Court's *Macquarie* opinion, we conclude that as to Count One: (1) the Court did not disturb our previous analysis with respect to the claims under Rule 10b-5(b) resting on a "half-truth" theory or the claims under Rules 10b-5(a) and 10b-5(c); and (2) Moab failed to state a claim for relief under Rule 10b-5(b) resting on "pure omissions."

> **A.    The Supreme Court did not disturb our previous analysis with respect to Moab's Count One claims under Rule 10b-5(b) pertaining to "half-truths" or under Rules 10b-5(a) and 10b-5(c).**

In the *Macquarie* opinion, the Supreme Court did not question this Court's previous analysis of Moab's Count One claims under Rule 10b-5(b) pertaining to "half-truths." The

Supreme Court made clear that it "granted certiorari to address the Second Circuit's pure omission analysis, *not its half-truth analysis*." *Macquarie*, 601 U.S. at 266 n.2 (emphasis added).

Nor did the Supreme Court question our previous analysis of Moab's Count One claims under Rules 10b-5(a) and 10b-5(c). The Supreme Court explicitly declined to "opine on . . . whether Rules 10b-5(a) and 10b-5(c) support liability for pure omissions." *Id.*

We therefore vacate the district court's judgment dismissing Moab's claims under Rule 10b-5(b) pertaining to half-truths, as well as Moab's claims under Rules 10b-5(a) and 10b-5(c), for the reasons stated in our prior opinion. *See Moab Partners*, 2022 WL 17815767, at *2–5.

**B.      Moab's Count One claims based on pure omissions failed to state a claim for a violation of Rule 10b-5(b).**

The parties do not dispute that Moab's Exchange Act claims under Section 10(b) and Rule 10b-5(b) relying on a "pure omission" theory must be dismissed because, as the Supreme Court held, "[p]ure omissions are not actionable under Rule 10b-5(b)." *Macquarie*, 601 U.S. at 266. The district court's dismissal of those claims, therefore, must be affirmed.

**II.      <u>Counts Two, Three, Four, Five, and Six</u>**

Our previous analysis of Moab's claims under Sections 20(a) and 20A of the Exchange Act in Counts Two and Three, and the Securities Act in Counts Four, Five, and Six, is unchanged. The Supreme Court explicitly limited its ruling in *Macquarie* to "the Second Circuit's pure omission analysis" under Section 10(b) and Rule 10b-5(b), noting that it granted certiorari specifically to resolve a split among the courts of appeals as to "whether a failure to make a disclosure required by Item 303 [of SEC Regulation S-K] can support a private claim under Section 10(b) and Rule 10b-5(b) in the absence of an otherwise-misleading statement." *Macquarie*, 601 U.S. at 262, 266 n.2 ("The Court does not opine on issues that are either tangential to the question

presented or were not passed upon below . . . .").  We therefore vacate the district court's judgment dismissing Moab's claims as to Counts Two, Three, Four, Five, and Six for the reasons stated in our prior opinion.  *See Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524, 2022 WL 17815767, at *2–5 (2d Cir. Dec. 20, 2022).

## CONCLUSION

Accordingly, we VACATE the district court's judgment dismissing Moab's claims under: (1) Count One as to the claims under Rule 10b-5(b) resting on half-truths, as well as those under Rules 10b-5(a) and 10b-5(c); and (2) Counts Two, Three, Four, Five, and Six.  We further AFFIRM the district court's judgment dismissing Moab's Count One claims under Rule 10b-5(b) resting on pure omissions, and REMAND to the district court for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6