**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE NATIONAL INSTRUMENTS CORPORATION SECURITIES LITIGATION

Case No. 1:23-cv-10488 (DLC)

---

**ANSWER AND DEFENSES OF DEFENDANTS NATIONAL INSTRUMENTS CORPORATION, ERIC STARKLOFF, AND MICHAEL MCGRATH TO LEAD PLAINTIFF'S AMENDED COMPLAINT**

Defendant National Instruments Corporation ("National Instruments" or "NI"), and individual Defendants Eric Starkloff and Michael McGrath (the "Individual Defendants"),[1] by and through their undersigned counsel, answer Lead Plaintiff Wayne County Employees' Retirement System's Amended Complaint dated March 29, 2024 as follows:

**GENERAL DENIAL**

Defendants deny any and all liability under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 as pled in the Amended Complaint. The Court, in its September 6, 2024 Opinion and Order [Dkt. 42] (the "9/6/24 Order"), dismissed all claims that Defendants made material omissions and misrepresentations and thereby violated Section 10(b) and Rule 10b-5(b) by disclosing NI's stock repurchases in various SEC filings without also disclosing that Emerson Electric Co. ("Emerson") had offered to purchase National Instruments. *See* [Dkt. 42] at 11; *see also id.* at 13 ("none of the statements that the plaintiffs have identified was rendered misleading by NI's omission of facts

---

[1] By its Opinion and Order of September 6, 2024 [Dkt. 42], the Court dismissed from this action individual Defendant Karen Rapp, holding that "[a]ll claims against Karen Rapp are dismissed" because the "amended complaint … does not allege any culpable participation on the part of defendant Rapp." [Dkt. 42] at 22, 23. Accordingly, Defendant Karen Rapp is no longer part of this action and therefore does not join in this Answer.

regarding Emerson's offer"), 15 ("to the extent that the plaintiff claims that NI violated Rule 10b-5(b) by making statements about the stock buybacks and certain acquisition risks without also disclosing the Emerson offers, this claim is dismissed"), and 23 ("All claims based on a violation of §10(b) and Rule 10b-5(b) pursuant to a misrepresentation or omission theory are dismissed").

The sole claim that survives (*id.* at 23) the motion to dismiss is the claim based "on a theory of insider trading during August and September of September of 2022." Because the pleading has not been subsequently amended to eliminate all dismissed claims and all factual allegations regarding the now-dismissed claims are a nullity, such allegations do not require a response in this Answer, and to the extent a response is required, such allegations are denied. Similarly, allegations that state a legal conclusion do not require a response, and to the extent that a response is required, such allegations are denied.

The Amended Complaint also contains a number of references to and purported excerpts from a number of documents and third-party publications. Such documents and third-party publications speak for themselves, and Defendants hereby refer the reader to these documents and publications for the complete and accurate contents thereof. Finally, Defendants also deny any averments in the Amended Complaint's table of contents, headings, subheadings, unnumbered paragraphs, footnotes, appendices, exhibits, and tables. Any allegation that is not specifically admitted below is hereby denied.

**<u>SPECIFIC RESPONSES</u>**

1.  Paragraph 1 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 1.

2.  Paragraph 2 contains legal assertions to which no response is required. Paragraph 2 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants deny the allegations of Paragraph 2.

3.  Paragraph 3 purports to quote from an unidentified document and insert characterizations

2

of its terms. Defendants deny Paragraph 3, except admit that in May 2022 Emerson made a written offer to acquire NI's outstanding stock, the terms of which were stated in Emerson's offer letter.

4. Paragraph 4 contains legal assertions that require no response. Paragraph 4 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. Moreover, To the extent any response is required, Defendants deny the allegations of Paragraph 4, except admit that: (*i*) National Instruments did not publicize Emerson's offer, which it rejected in June 2022, during calendar year 2022, and (*ii*) National Instruments repurchased shares of its stock in August and September 2022 pursuant to a plan that had been authorized by the Board months before Emerson's first offer. To the extent the allegations of Paragraph 4 post-date those August and September 2022 stock repurchases, they are beyond the scope of the sole remaining claim in this action pursuant to the 9/6/24 Order.

5. Paragraph 5 is denied, except Defendants admit that National Instruments' stock price increased after the company announced on January 13, 2023 that it was undertaking a comprehensive review of strategic options, including solicitations of interest from potential acquirors.

6. Paragraph 6 contains legal assertions that require no response. To the extent any response is required, Defendants deny Paragraph 6.

7. Paragraph 7 contains legal assertions that require no response. To the extent any response is required, Defendants deny Paragraph 7.

8. Paragraph 8 contains legal assertions that require no response. To the extent any response is required, Defendants deny Paragraph 8.

9. The allegations of Paragraph 9 are not directed to any of the Defendants and require no response. To the extent any response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and further deny that Lead Plaintiff could

have been damaged by the sale of its National Instruments common stock.

10.     Defendants deny the allegations of Paragraph 10, except admit that: (*i*) National Instruments, a producer of automated test equipment and virtual instrumentation software, had its common stock traded on the Nasdaq stock market under the symbol "NATI," (*ii*) there were approximately 131.5 million shares of common stock issued and outstanding as of February 13, 2023, and (*iii*) Emerson's acquisition of National Instruments closed on October 11, 2023.

11.     Defendants admit Paragraph 11.

12.     The Court's 9/6/24 Order dismissed Karen Rapp from this lawsuit, and thus the allegations of Paragraph 12 are null and void and do not require a response. To the extent any response is required, Defendants deny Paragraph 8.

13.     Defendants admit Paragraph 13.

14.     Paragraph 14 does not contain factual allegations requiring a response.

15.     Paragraph 15 does not contain factual allegations requiring a response.

16.     Paragraph 16 contains legal assertions to which no response is required. Paragraph 16 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 16.

17.     Paragraph 17 contains legal assertions to which no response is required. Paragraph 17 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 17.

18.     Paragraph 18 contains legal assertions to which no response is required. Defendants deny that Emerson Electric Co. assumed the legal obligations of National Instruments. Defendants admit that

Emerson acquired all of National Instruments's outstanding common stock on October 11, 2023, and that as of that date National Instruments has been known as Emerson's Test and Measurement business unit. To the extent any further response is required, Defendants deny the remaining allegations of Paragraph 18.

19. Defendants admit that National Instruments was a publicly-traded producer of test equipment and virtual instrumentation software, and that NI was acquired in October 2023 by Emerson, a Fortune 500 global automation leader.

20. Admitted.

21. Defendants deny Paragraph 21, except admit that: (i) Emerson made an offer to acquire the stock of National Instruments on May 25, 2022 at $48 per share, which National Instruments rejected and did not publicize; and (ii) after it had twice rejected Emerson's offer, National Instruments repurchased a total of approximately 2,033,135 of its shares on the open market on August 12, 18, 19, and 16, and September 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 26, 2022.

22. Paragraph 22 contains legal assertions to which no response is required. Defendants deny Paragraph 22 and footnote 1, except admit that: (i) the Board of National Instruments approved a stock repurchase program on January 19, 2022, (ii) pursuant to that program, National Instruments repurchased a total of approximately 2,033,135 shares on the open market on August 12, 18, 19, and 16, and September 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 26, 2022, and (iii) those repurchases occurred after National Instruments had twice rejected Emerson's offer out of hand.

23. Paragraph 23 contains legal assertions to which no response is required. To the extent that a response is required, Defendants deny Paragraph 23.

24. Paragraph 24 contains legal assertions to which no response is required. Paragraph 24 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by

5

the 9/6/24 Order, and thus are null and void and do not require a response. Paragraph 24 also contains allegations that purport to characterize the contents of documents. To the extent a response is required, Defendants deny the allegations of Paragraph 24 and refer to the complete documents cited therein for a complete and accurate account of their contents.

25.     Defendants deny Paragraph 25, except admit that on April 28, 2022, National Instruments reported first quarter 2022 revenue of $385 million and forecasted second quarter 2022 revenue of $370 million to $410 million.

26.     Paragraph 26 contains legal assertions to which no response is required, and allegations about Karen Rapp, who was dismissed from this suit pursuant to the Court's 9/6/24 Order. Moreover, this Paragraph also makes allegations regarding misrepresentation claims that were dismissed by the 9/6/24 Order and thus require no response. To the extent a response is required, Defendants deny Paragraph 26, except admit that as 2022 progressed, National Instruments's revenue projections were improved over those it had issued earlier in the year.

27.     Paragraph 27 contains allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 27.

28.     Paragraph 28 contains allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 28.

29.     Paragraph 29 contains allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24

Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. Paragraph 29 also contains legal assertions to which no response is required. To the extent a response is required, Paragraph 29 is denied.

30. Paragraph 30 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny Paragraph 30, except admit that: (i) Emerson made an initial offer for National Instruments, (ii) National Instruments twice rejected that offer out of hand, (iii) National Instruments did not publicize the rejected offer, and (iv) National Instruments repurchased a total of approximately 2,033,135 shares on the open market on August 12, 18, 19, and 16, and September 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 26, 2022. To the extent Paragraph 30 characterizes the intentions of an entity that is not National Instruments, Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations of this Paragraph.

31. Defendants deny Paragraph 31, except admit that Defendants Starkloff and McGrath received a communication from Emerson's CEO on May 16, 2022. To the extent Paragraph 31 describes the intentions or reactions of persons or entities other than Defendants, Defendants deny knowledge and information sufficient to form an opinion as to the truth of the allegations of Paragraph 31.

32. Defendants deny Paragraph 32, except admit that Defendants Starkloff and McGrath communicated with Emerson on May 22, 2022 and suggested that it communicate any offer in writing.

33. Admitted.

34. Defendants deny Paragraph 34, except admit that: (i) on May 25, 2022, Defendant Starkloff received by email a letter from Emerson containing a $48 per share acquisition offer, (ii) National Instruments rejected that offer out of hand both times Emerson made it, and (iii) pursuant to the plan approved by the National Instruments Board in January 2022, National Instruments repurchased a total of approximately 2,033,135 shares on the open market on August 12, 18, 19, and 16, and September

12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 26, 2022.

35.     Paragraph 35 characterizes a letter written by and on behalf of an entity that is not a Defendant to this Action. Without admitting the truth of what was stated in the letter, what the entire document contains speaks for itself and no response is required in this Answer. To the extent Paragraph 35 describes the intentions or reactions of persons or entities other than Defendants, Defendants deny knowledge and information sufficient to form an opinion as to the truth of the allegations of Paragraph 35. To the extent any further response is required, Paragraph 35 is denied.

36.     Paragraph 36 is a block quotation of a letter written by and on behalf of an entity that is not a Defendant to this Action. Without admitting the truth of what was stated in the letter, what the entire document contains speaks for itself and no response is required in this Answer. To the extent the quoted language describes the intentions or reactions of persons or entities other than Defendants, Defendants deny knowledge and information sufficient to form an opinion as to the truth of the allegations of Paragraph 36. To the extent any further response is required, Defendants deny Paragraph 36, except admit that National Instruments received the letter referenced therein.

37.     Paragraph 37 contains allegations regarding National Instruments stock repurchases that predate Emerson's offer. The Court held in its 9/6/24 Order (and Plaintiff has conceded) that such repurchases are not properly part of this action. Accordingly, no response to this Paragraph is required.

38.     Paragraph 38 quotes from National Instruments's Proxy, which must be read in full for context and speaks for itself.

39.     Paragraph 39 quotes from a June 16, 2022 letter that must be read in full for context and speaks for itself, Defendants deny that they viewed the letter as "curt." but otherwise admit that National Instruments sent the letter to Emerson.

40.     Paragraph 40 describes the contents of a June 22 letter drafted by Emerson's CEO.

Defendants admit having received the letter. The full document speaks for itself and no further response to this Paragraph is required. To the extent Paragraph 40 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 40.

41.     Paragraph 41 also quotes from the contents of a June 22 letter from Emerson's CEO. Defendants admit having received the letter. The complete document speaks for itself and no further response to this Paragraph is required. To the extent Paragraph 41 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 41.

42.     Paragraph 42 purports to quote the June 22 letter mentioned above in full. Defendants admit having received the letter. The full document speaks for itself and no further response to this Paragraph is required. To the extent Paragraph 42 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 42. To the extent a further response is required, Paragraph 42 is denied.

43.     Paragraph 43 references a July 6, 2022 response, which must be read in full and speaks for itself. Defendants admit that National Instruments sent the response to Emerson on July 6, 2022.

44.     Paragraph 44 quotes from the National Instruments Proxy. Read in full, the Proxy speaks for itself and no further response is required. To the extent a response is required, Defendants admit that the quoted material appears in the Proxy.

45.     Paragraph 45 makes allegations regarding misrepresentation claims that were dismissed by the 9/6/24 Order and thus require no response. To the extent a further response is required, Defendants refer to the complete Form 8-K (which is partially quoted in Paragraph 45), which speaks for itself.

46.     Paragraph 46 makes allegations regarding misrepresentation claims that were dismissed by the 9/6/24 Order and thus require no response. To the extent a further response is required, Defendants refer to the complete Form 8-K (which is partially quoted in Paragraph 46), which speaks for itself.

47.     Paragraph 47 makes allegations regarding misrepresentation claims that were dismissed by the 9/6/24 Order and statements by Karen Rapp (whom the Court dismissed from this action) that the Court found were "non-actionable." As such, this Paragraph requires no response. To the extent a further response is required, Defendants refer to the complete Form 8-K (which is partially quoted in Paragraph 47), which speaks for itself.

48.     Paragraph 48 makes allegations regarding misrepresentation claims that were dismissed by the 9/6/24 Order and statements by Karen Rapp (whom the Court dismissed from this action) that the Court found were "non-actionable." As such, this Paragraph requires no response. To the extent a further response is required, Defendants deny Plaintiff's characterizations in Paragraph 48 and refer to the complete transcript of the call referenced in Paragraph 48, which speaks for itself.

49.     Paragraph 49 makes allegations regarding misrepresentation claims that were dismissed by the 9/6/24 Order. As such, this Paragraph requires no response. Paragraph 49 partially quotes from a document prepared by an entity other than Defendants. The complete document speaks for itself. To the extent Paragraph 49 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 49. To the extent a further response is required, the allegations of Paragraph 49 are denied, except Defendants admit that National Instruments received the correspondence.

50.     Paragraph 50 makes allegations regarding stock repurchases made prior to Emerson's offer and misrepresentation claims that were dismissed by the Court's 9/6/24 Order. As such, this Paragraph requires no response. To the extent a response is required, Defendants deny Paragraph 50,

10

except admit that National Instruments filed a second quarter 2022 10-Q that disclosed its May 2022 share repurchases, which occurred prior to Emerson's offer.

51.    Defendants deny Paragraph 51, except admit that Defendants Starkloff and McGrath sent Emerson a letter on August 2, 2022 rejecting its second offer and stating that "[t]he Board remains unanimously of the view that your proposal is not in the best interests of NI and its shareholders."

52.    Paragraph 52 makes allegations regarding misrepresentation and omission claims that the Court dismissed in its 9/6/24 Order, and quotes statements from Karen Rapp (whom the Court dismissed from this action) that the Court found were "non-actionable." As such, this Paragraph requires no response. To the extent a response is required, Defendants deny Plaintiff's characterizations in Paragraph 52 and refer to the complete transcripts quoted therein, which speak for themselves.

53.    Defendants deny the allegations of Paragraph 53, except admit that: (i) National Instruments repurchased a total of approximately 2,033,135 shares on the open market on August 12, 18, 19, and 16, and September 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 26, 2022, (ii) this was the largest stock repurchase that National Instruments had conducted and was larger than the company's repurchases in the entirety of 2020 and 2021, respectively, and (iii) National Instruments did not publicize Emerson's offer, which it had twice rejected.

54.    Paragraph 54 makes allegations regarding misrepresentation and omission claims that the Court dismissed in its 9/6/24 Order, and which thus require no response. To the extent a response is required, Defendants deny Paragraph 54, except admit that: (i) National Instruments disclosed in its third quarter 2022 10-Q that it had repurchased 2,033,135 shares of common stock on the open market at an average price of $40.25 share, and (ii) National Instruments did not publicize the Emerson offer that it had twice rejected.

55.    Paragraph 55 contains irrelevant allegations that post-date the National Instruments

11

August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Paragraph 55 purports to describe and quote from a November 3 letter from Emerson's CEO. The full document speaks for itself and no further response to this Paragraph is required. To the extent the quoted material in Paragraph 55 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 55. To the extent a further response is required, Defendants deny Paragraph 55, except they admit that National Instruments received the November 3, 2022 letter described therein.

56.    Paragraph 56 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Paragraph 56 purports to quote from a November 3 letter from Emerson's CEO. The full document speaks for itself and no further response to this Paragraph is required. To the extent the quoted material in Paragraph 56 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 56. To the extent a further response is required, Defendants deny Paragraph 56, except they admit that National Instruments received the November 3, 2022 letter described therein.

57.    Paragraph 57 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Paragraph 57 purports to quote in full a

November 3 letter from Emerson's CEO. The full document speaks for itself and no further response to this Paragraph is required. To the extent the quoted material in Paragraph 57 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 57. To the extent a further response is required, Defendants deny Paragraph 57, except they admit that National Instruments received the November 3, 2022 letter described therein.

58.     Paragraph 58 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 58, except admit that on November 15, 2022, Defendants responded to the referenced November 3 Letter, and refer to the full text of that response, which speaks for itself.

59.     Paragraph 59 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 59, except admit that National Instruments received the November 16, 2022 communication from Emerson and refer to the full text of that response, which speaks for itself. To the extent the quoted material in Paragraph 59 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 59.

60.     Paragraph 60 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no

response is required. To the extent a response is required, Defendants deny Paragraph 60, except admit that on November 21, 2022, National Instruments advised Emerson that its working group would consider meeting with Emerson after the Thanksgiving holiday.

61.    Paragraph 61 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required.

62.    Paragraph 62 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 62, except admit that Defendant Starkloff discussed National Instruments' outlook in a Nasdaq Investor Conference on December 6, 2022.

63.    Paragraph 63 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 63, except they admit that National Instruments received the December 7, 2022 email referenced therein. Because Paragraph 63 partially quotes the email, Defendants refer to the complete document, which speaks for itself. To the extent the quoted material in Paragraph 63 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 63.

64.    Paragraph 64 contains irrelevant allegations that post-date the National Instruments

14

August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 64, except admit that National Instruments received the December 14, 2022 correspondence referenced therein.

65.    Paragraph 65 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 65, except admit that National Instruments and Emerson scheduled a January 4, 2023 meeting in Austin, Texas and executed a non-disclosure agreement in connection with it.

66.    Paragraph 66 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 66, except admit that National Instruments and Emerson met in Austin, as planned.

67.    Paragraph 67 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 67, except admit that the National Instruments Board and management met on January 4, after the Emerson-NI meeting, to discuss the company's options.

68.    Paragraph 68 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant

15

to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 68, except admit that Defendant Starkloff spoke with Emerson's CEO on January 5, 2023, and that the two companies extended their non-disclosure agreement to January 13, 2023.

69.    Paragraph 69 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 69, except admit that National Instruments received the January 11, 2023 letter referenced therein. The terms of the complete letter speak for themselves. To the extent the quoted material in Paragraph 69 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 69.

70.    Paragraph 70 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent the quoted material in Paragraph 70 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 70. To the extent a response is required, Defendants deny the allegations of Paragraph 70.

71.    Paragraph 71 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny Paragraph 71.

72.     Paragraph 72 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants admit that National Instruments issued the January 13, 2023 press release referenced therein, the full text of which speaks for itself.

73.     Paragraph 73 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants admit that National Instruments issued the January 13, 2023 press release referenced therein, the full text of which speaks for itself.

74.     Paragraph 74 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants admit that National Instruments issued the January 13, 2023 press release referenced therein, the full text of which speaks for itself.

75.     Paragraph 75 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 75, except admit that: (i) when it announced on January 13, 2023, that its Board would consider soliciting interest from potential acquirors, National Instruments did not publicize Emerson's rejected offers, and (ii) after that announcement, the National Instruments stock price that day rose from $40.17 per share to as high as $47.95 per share, and closed at $46.50 per share, with a volume of over 7.7 million shares.

76.     Paragraph 76 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent one is required, Defendants admit that on January 17, 2023, Emerson made public a press release with Emerson's perspective on the history of its interactions with National Instruments, including that it had made an offer at $53 per share. To the extent the quoted material in Paragraph 76 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 76. To the extent the allegations purport to describe the intentions or motivations of Defendants, they are denied.

77.     Paragraph 77 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent one is required, Defendants admit that on January 17, 2023, Emerson made public a press release with Emerson's perspective on the history of its interactions with National Instruments. To the extent the quoted material in Paragraph 77 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 77. To the extent the allegations purport to describe the intentions or motivations of Defendants, they are denied.

78.     Paragraph 78 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent one is required, Defendants admit that on January 17, 2023, Emerson

made public a press release with Emerson's perspective on the history of its interactions with National Instruments. To the extent the quoted material in Paragraph 78 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 78. To the extent the allegations purport to describe the intentions or motivations of Defendants, they are denied.

79.     Paragraph 79 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent one is required, Defendants admit that on January 17, 2023, Emerson made public a press release with Emerson's perspective on the history of its interactions with National Instruments. To the extent the quoted material in Paragraph 79 describes the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 79. To the extent the allegations purport to describe the intentions or motivations of Defendants, they are denied.

80.     Paragraph 80 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required. To the extent one is required, Defendants deny Paragraph 80, except admit that on January 17, 2023, Emerson's CEO conducted a conference call to publicly announce Emerson's offer to acquire National Instruments. To the extent the transcript quotations in Paragraph 80 describe the intentions or motivations of an entity other than Defendants, Defendants deny knowledge and information sufficient to form an opinion regarding the truth of the allegations of Paragraph 80. To the extent the quoted statements purport to describe the intentions or motivations of Defendants, they are

denied.

81.    Paragraph 81 contains irrelevant allegations that post-date the National Instruments August and September 2022 stock repurchases that are the sole remaining claim in this action pursuant to the 9/6/24 Order, which dismissed Plaintiff's misrepresentation and omission claims. Accordingly, no response is required.

82.    Paragraph 82 contains legal assertions to which no response is required. Paragraph 82 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 82.

83.    Paragraph 83 contains legal assertions to which no response is required. Paragraph 83 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants deny the allegations of Paragraph 83.

84.    Paragraph 84 contains legal assertions to which no response is required. Paragraph 84 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants deny the allegations of Paragraph 84.

85.    Paragraph 85 contains legal assertions to which no response is required. Paragraph 85 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. Similarly, Paragraph 85's allegations regarding Karen Rapp, who was dismissed in the Court's 9/6/24 Order, do not require a response. In addition, Paragraph 85 contains allegations regarding stock repurchases made in the second quarter of 2022 that pre-dated Emerson's initial offer, and which the Court has held (and

Plaintiff has conceded) are not properly the subject of this action. Thus, no response is required with respect to them. To the extent any response is required, Defendants deny the allegations of Paragraph 85, except admit that National Instruments repurchased a total of 2,033,135 shares on the open market in August and September 2022 without publicizing Emerson's twice-rejected offer.

86.    Paragraph 86 contains legal assertions to which no response is required. Paragraph 86 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. Similarly, Paragraph 86's allegations regarding Karen Rapp, who was dismissed in the Court's 9/6/24 Order and whose statements the Court held were "non-actionable," do not require a response. To the extent any response is required, Defendants deny Paragraph 86.

87.    Paragraph 87 contains legal assertions to which no response is required. Paragraph 87 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent that a response is required, Defendants deny Paragraph 87.

88.    Paragraph 88 contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. Further, by referencing the "2Q 10-Q," it contains allegations regarding stock repurchases that pre-date Emerson's offer and thus are not properly part of this action pursuant to the Court's order and Plaintiff's stipulation, so no response is required as to them. To the extent a response is required, Defendants refer to the complete documents referenced in this paragraph, which speak for themselves.

89.    Paragraph 89 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants refer to the complete Form

10-K referenced in this paragraph, which speaks for itself.

90.     Paragraph 90 contains legal assertions to which no response is required. Paragraph 90 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny Paragraph 90.

91.     Paragraph 91 contains legal assertions to which no response is required. Paragraph 91 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 91.

92.     Paragraph 92 contains legal assertions to which no response is required. Paragraph 91 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 92, except admit that Defendants communicated with Emerson regarding its offers and participated in the decisionmaking regarding the National Instruments response to those offers.

93.     Paragraph 93 contains allegations regarding second quarter 2022 stock repurchases that the Court has held (and Plaintiff has conceded) are not properly part of this action because they occurred prior to Emerson's initial offer. As such, no response is required. Paragraph 93 also contains allegations regarding Karen Rapp, whom the Court has dismissed from this action. Such allegations require no response. To the extent a response is required, Defendants admit that they were aware of the stock repurchases made on behalf of National Instruments in August and September 2022 and that these repurchases were disclosed in the company's third quarter 2022 10-Q.

94.     Defendants deny the allegations of Paragraph 94, except admit that: (i) they generally

followed the market price of National Instruments stock, (ii) they knew that Emerson's initial $48 per share offer, which they rejected as undervaluing the company, was above the market price for the stock at the time of the offer, and (iii) that the market price for the stock subsequently was below $48 per share when the repurchases were made in August and September 2022.

95.    Paragraph 95 contains legal assertions to which no response is required. Paragraph 95 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants deny Paragraph 95.

96.    Paragraph 96 contains legal assertions to which no response is required. Paragraph 96 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants deny the allegations of Paragraph 96.

97.    Paragraph 97 contains legal assertions to which no response is required. Paragraph 96 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants deny the allegations of Paragraph 97.

98.    Paragraph 98 contains legal assertions to which no response is required. Paragraph 98 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response in this Answer. To the extent a response is required, Defendants deny the allegations of Paragraph 98.

99.    Paragraph 99 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 99.

100.    Paragraph 100 contains legal assertions to which no response is required. To the extent a

23

response is required, Defendants deny the allegations of Paragraph 100, except admit that (i) National Instruments's common stock was listed and actively traded on the Nasdaq, (ii) National Instruments regularly communicated with public investors, and (iii) securities analysts reported on National Instruments's stock. Defendants deny knowledge or information sufficient to form an opinion as to the truth of the remaining allegations in Paragraph 100.

101.    Paragraph 101 contains legal assertions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form an opinion as to the first sentence of Paragraph 101, and deny the remaining allegations of Paragraph 101.

102.    Paragraph 102 contains legal assertions to which no response is required. Paragraph 102 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 102.

103.    Paragraph 103 contains legal assertions to which no response is required. Paragraph 103 also contains allegations regarding alleged misrepresentations and omissions claims that were dismissed by the 9/6/24 Order, and thus are null and void and do not require a response. To the extent a response is required, Defendants deny the allegations of Paragraph 103.

104.    Paragraph 104 contains legal assertions to which no response is required.

105.    Paragraph 105 contains legal assertions to which no response is required. It also makes factual assertions for which Defendants do not have sufficient knowledge and information to form an opinion as to the truth of the allegations in Paragraph 105. To the extent a response is required, Defendants deny the allegations of Paragraph 105, except admit that National Instruments's stock was actively traded on the Nasdaq prior to Emerson's acquisition of the outstanding common stock.

106.    Paragraph 106 contains legal assertions to which no response is required. It also makes

factual assertions for which Defendants do not have sufficient knowledge and information to form an opinion as to the truth of the allegations in Paragraph 106. To the extent a response is required, Defendants deny the allegations of Paragraph 106.

107.   Paragraph 107 contains legal assertions to which no response is required. It also makes factual assertions for which Defendants do not have sufficient knowledge and information to form an opinion as to the truth of the allegations in Paragraph 107. To the extent a response is required, Defendants deny the allegations of Paragraph 107.

108.   Paragraph 108 contains legal assertions to which no response is required. It also makes factual assertions for which Defendants do not have sufficient knowledge and information to form an opinion as to the truth of the allegations in Paragraph 108. To the extent a response is required, Defendants deny the allegations of Paragraph 108.

109.   Paragraph 109 contains legal assertions to which no response is required. It also makes factual assertions for which Defendants do not have sufficient knowledge and information to form an opinion as to the truth of the allegations in Paragraph 109. To the extent a response is required, Defendants deny the allegations of Paragraph 109.

110.   Paragraph 110 contains legal assertions to which no response is required. It also makes factual assertions for which Defendants do not have sufficient knowledge and information to form an opinion as to the truth of the allegations in Paragraph 110. To the extent a response is required, Defendants deny the allegations of Paragraph 110.

111.   Paragraph 111 makes a representation about what Lead Plaintiff is aware of, and Defendants do not have sufficient knowledge and information to form an opinion as to the truth of the allegations in this Paragraph. To the extent a response is required, Defendants deny the allegations of Paragraph 111.

112.    Paragraph 112 merely repeats and realleges allegations, thus a response is not required.

113.    Paragraph 113 merely quotes a statute and, since it merely makes legal assertions, no response is required.

114.    Paragraph 114 merely quotes a rule and, since it merely makes legal assertions, no response is required.

115.    Defendants deny the allegations of Paragraph 115.

116.    Defendants deny the allegations of Paragraph 116.

117.    Defendants deny the allegations of Paragraph 117.

118.    Paragraph 118 merely repeats and realleges allegations, and thus a response is not required.

119.    Paragraph 119 makes legal assertions to which no response is required. Defendants deny the allegations of Paragraph 119, except admit that Defendant Starkloff was the Chief Executive Officer of National Instruments and Defendant McGrath was the Chairman of the Board of the company in August and September 2022, when the pertinent stock repurchases were made.

120.    Page 46 of the Amended Complaint states Plaintiff's prayer for relief and requires no response. To the extent a response is required, Defendants deny the allegations of page 46 of the Amended Complaint.

121.    Pursuant to Federal Rule of Civil Procedure 38, Defendants hereby demand a trial by jury on all issues triable by a jury.

122.    Defendants deny any allegations of the Amended Complaint not previously and expressly addressed, including any allegation of any footnote, heading, or title, and of Plaintiff's prayer for relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendants assert the following defenses and affirmative defenses with respect to the remaining cause of action alleged in the Amended Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiff.

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Court's 9/6/24 Order.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to pursue the claims against Defendants.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not plead that Plaintiff traded contemporaneously with National Instruments's allegedly-prohibited stock repurchases.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Amended Complaint fails to plead the facts underlying the alleged fraudulent "insider trading" conduct with sufficient particularity in satisfaction of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not violate any duty owed to Plaintiff.

27

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because National Instruments—which is a corporate issuer—is not an "insider" for purposes of insider trading and does not violate Rule 10b-5 by repurchasing securities it issued, even if it were in possession of material nonpublic information.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants did not make any material misstatements or omissions, and did not directly or indirectly induce any act(s) alleged to constitute a violation of any securities law or regulation.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants are not responsible in law or in fact for any false or misleading statements or omissions by others.

## TENTH  DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not pled an actionable misrepresentation or omission.

## ELEVENTH DEFENSE

Plaintiffs' claims are not properly maintainable as a class action and fail to meet the elements of Federal Rule of Civil Procedure 23.

## TWELFTH DEFENSE

The class definition in the Amended Complaint fails to plead a certifiable class because it includes class members who did not sell National Instruments stock contemporaneously with National Instruments' repurchases on August 12, 18, 19, and 16, and September 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, and 26, 2022.

## THIRTEENTH  DEFENSE

Plaintiff's claims are barred, in whole or in part, by the absence of fraudulent intent or scienter on the part of Defendants.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of the pertinent stock repurchases were made pursuant to a qualifying Rule 10b5-1 plan that was entered into in good faith, and thus were not made on the basis of material nonpublic information.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted with reasonable care and due diligence with respect to the matters alleged in Plaintiff's Amended Complaint.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants at all times acted in in reasonable reliance upon the representations, reports, expert opinions, and advice of professional advisors, and had no grounds to believe that such representations, reports, opinions and advice were in any way inadequate, unfounded, or incorrect.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by Defendants' justifiable concern that publicizing Emerson's private offer (which they had twice rejected as undervaluing the company) could subject National Instruments to potential liability under securities laws and regulations as an improper attempt to raise the market price of National Instruments stock.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has incurred no legally cognizable injury or damages, including but not limited to any legally cognizable injury or

damages attributable in whole or in part to the conduct of Defendants.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any damage, loss, or injury was caused or contributed to by market conditions and/or the conduct of others, rather than any conduct of Defendants. As such, any recovery should be precluded or diminished in proportion to the amount of fault attributable to such other causes.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged omissions and transactions were not the actual and proximate cause of Plaintiff's alleged injury.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred because Plaintiff did not justifiably or reasonably rely on any representations, acts, or omissions by Defendants.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants were not unjustly or unlawfully benefitted by the stock repurchases conducted in August and September 2022.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of the pertinent stock repurchases were made pursuant to a plan that National Instruments implemented in good faith and which qualified for a statutory or regulatory safe harbor that precludes liability.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Defendants' cautionary language and the bespeaks caution doctrine.

**TWENTY-FIFTH DEFENSE**

Defendants are entitled to indemnification and/or contribution for any liability they incur.

**TWENTY-SIXTH DEFENSE**

Defendants are entitled to a setoff, recoupment and/or offset from any recovery to which Plaintiff may be found to be entitled.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the single recovery rule.

**TWENTY-EIGHTH DEFENSE**

Defendants are not liable for damages, if any, in excess of the alleged profit gained or loss avoided by National Instruments as a result of the repurchases of 2,033,135 shares National Instruments made on certain days in August and September 2022.

**TWENTY-NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the Individual Defendants acted in good faith and did not directly or indirectly induce the alleged violation of Section 10(b) or Rule 10b-5.

**THIRTIETH DEFENSE**

Plaintiff's claims against the Individual Defendants are barred because there is no underlying fraud violation under Section 10(b), and thus Individual Defendants cannot be held liable as control persons under Section 20(a). To the extent that primary violations fail, the control person claims also fail.

**THIRTY-FIRST DEFENSE**

The purported claims against Defendants, and the allegations upon which they are

31

based, are improperly vague, ambiguous, and confusing. Defendants reserve the right to request a more definite statement.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, due to Defendants' compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Complaint.

## THIRTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and/or other equitable doctrines.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because and to the extent that any relief or recovery would unjustly enrich or constitute a windfall to Plaintiff.

## THIRTY-FIFTH DEFENSE

Any allegation that is not expressly admitted in this Answer is hereby denied.

## THIRTY-SIXTH DEFENSE

Defendants reserve their rights to assert any additional defenses, affirmative defenses, cross-claims, and third-party claims not asserted herein that discovery or other investigation indicates may be appropriate. Defendants also reserve the right to withdraw defenses or affirmative defenses that they determine are not applicable during the course of discovery and other proceedings in the case.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court (a) dismiss the claims remaining in the Amended Complaint in their entirety, with prejudice; (b) award Defendants the costs incurred in defending this action, including attorneys' fees, costs, and disbursements; and (c) grant such other and further relief as this Court may deem just and proper.

32

Dated: October 8, 2024

Respectfully submitted,

 /s/ James F. Bennett

James F. Bennett MO 46826
J. Russell Jackson MO 65689
DOWD BENNETT LLP
7676 Forsyth Blvd., Ste. 1900
Saint Louis, MO 63105
(314) 889-7300
jbennett@dowdbennett.com
rjackson@dowdbennett.com

Andrew Ditchfield
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
andrew.ditchfield@davispolk.com

*Attorneys for Defendants National Instruments Corporation, Eric Starkloff, and Michael McGrath*