UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE NATIONAL INSTRUMENTS
CORPORATION SECURITIES LITIGATION

Civil Action No. 1:23-cv-10488 (DLC)

# STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Defendants National Instruments Corporation ("National Instruments"), Michael McGrath, and Eric Starkloff (together, the "Defendants") and Lead Plaintiff Wayne County Employees' Retirement System ("Lead Plaintiff," and together with Defendants, the "Parties"), by and through their undersigned counsel, hereby submit this Stipulation and Protective Order ("Order") and state as follows:

A.  Defendants, Lead Plaintiff, and possible non-parties possess highly sensitive and confidential, proprietary, private, or trade secret information that may be subject to discovery in the above-captioned action (the "Action"), but should not be made publicly available, and for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted.

B.  The Parties to this Action therefore have stipulated to the entry of this Order, to protect the dissemination or disclosure of such highly sensitive and confidential information in this Action. This Order is meant to govern the use of any non-public and confidential, proprietary or private information used or disclosed in this Action.

The Court ORDERS:

1.      **Persons / Entities and Information Covered.** This Order is binding upon the Parties and future parties to this Action, including their respective corporate parents, subsidiaries, affiliates, successors, or assigns, and their respective counsel, agents, representatives, officers, and employees and any others set forth in this Order. All production and disclosure of information designated as CONFIDENTIAL in the course of this Action shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof.

2.      **Confidential Information.** The term "Confidential Information" means nonpublic information that the Designating Party in good faith believes to constitute confidential or proprietary business, technical, or financial information; commercially or competitively sensitive information, including confidential research or development information; strategic information; and/or trade secrets, the disclosure of which to persons other than those authorized in Paragraph 4 would, in the reasonable, good-faith judgment of the Designating Party (as defined below), cause commercial or personal harm, and which has been designated as Confidential. Confidential Information may include documents or things produced in this Action during formal discovery or otherwise, information produced by non-parties, responses to discovery requests, and information or items disclosed during depositions, hearings, or at trial.

3.      **Designation of Confidential Information.** Except as otherwise provided in this Order, discovery material that qualifies for protection under this Order must be clearly designated as Confidential before it is disclosed or produced. Designation may only be made after a good faith review by counsel for the Designating Party, who shall comply with the standards set forth in Rule 26(g) of the Federal Rules of Civil Procedure.

(a) **Designating and Receiving Parties.** Any Party or non-party responding to discovery requests or providing materials in connection with this Action, and/or possessing an articulable confidentiality interest in produced material, may designate qualifying information as Confidential. As used herein, "Designating Party" shall mean any Party or non-party producing or asserting a confidentiality interest in Confidential Information. Any other entity or person, whether a Party or non-party, receiving Confidential Information is a "Receiving Party."

(b) **Documents or things.** To designate documents or things, the Designating Party may stamp "CONFIDENTIAL." Documents or things produced for inspection may only be collectively designated as Confidential through a correspondence that specifies the designated information if such things are produced in a format that cannot be stamped.

(c) **Deposition testimony.** By default, all deposition transcripts shall be designated as Confidential from the date of the deposition and for a period of up to ten (10) business days following the receipt of the final deposition transcript. The party proposing to maintain a Confidential designation with respect to all or part(s) of the transcript must provide written notice of which parts of the transcript it is so designating (i) within ten (10) business days after receipt of the final transcript, or, (ii) on the record at the deposition. Furthermore, any document designated as Confidential that is introduced or discussed during a deposition shall maintain that designation and the protections afforded thereto without further action by the Designating Party.

4. **Disclosure of Confidential Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Confidential Information may be disclosed only to the following, and only if it is reasonably necessary to disclose the information for the purpose of prosecuting and defending this Action:

(a) the Parties, to the extent the Party is a natural person;

3

(b) Counsel for a Party to this Action and their associated attorneys and support staff and professional personnel, including ESI counsel, contract attorneys, and those persons specifically engaged for the purpose of assisting counsel in discovery or trial (*i.e.*, vendors, photocopy services, graphic production services, litigation support services, electronic discovery vendors, trial/jury consultants);

(c) A Party's or a Party's parent company's in-house attorneys and the attorneys' assistants or paralegals, who are specifically working on or managing this Action;

(d) Independent consultants or experts and their staff not employed by or affiliated with a Party who are retained either as consultants or expert witnesses for the purpose of this Action, and who have signed the Acknowledgment;

(e) Officers, directors, trustees, administrators, and employees of the Parties, or their parents or subsidiaries;

(f) The Court and Court personnel, and official court reporters, stenographers, or videographers to the extent that Confidential Information is disclosed at a deposition or court session which they are transcribing;

(g) Any mediators and their personnel selected by the Party or appointed by the Court;

(h) The author, addressee, or recipient of any document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, if counsel for a Party has determined in good faith that such person is the author or previously received the information from the face of the document, metadata, reference information in other documents, or the testimony of other witnesses;

(i) trial witnesses during the course of their trial testimony (subject to the court order concerning the handling of Confidential Information contemplated in Paragraph 5(g));

4

(j) deposition witnesses during the course of their deposition testimony;

(k) any anticipated or actual deponent or witness, in preparation for his or her deposition, hearing, or trial testimony, or for specific investigatory purposes in prosecuting and defending this Action, provided the person identified in this paragraph will not be permitted to retain copies of such Confidential Information;

(l) Other persons whom the Designating Party agrees to in writing, and who sign the Acknowledgement. The Designating Party is entitled to condition its agreement under this 4(l) upon reasonable time, place, or manner restrictions for the disclosure.

5. **Use and Control of Confidential Information.**

(a) Except for persons described in Paragraph 4(a), (b), (c), (e), (f), (g), (h), and (i), all persons receiving Confidential Information under this Order shall receive a copy of this Order and execute the Acknowledgement of Stipulation and Protective Order in the form attached (the "Acknowledgment") before being provided with access to the information. Counsel for the Party obtaining the Acknowledgments shall maintain a file of all signed, original Acknowledgments, but are not required to provide such signed Acknowledgments unless ordered to do so by the Court. Original Acknowledgements may be signed electronically.

(b) Except as agreed in writing by the Parties and the Designating Party, or as otherwise provided herein, Confidential Information shall only be used in the course of and for purposes of this Action and/or any appeal of this Action.

(c) Nothing in this Order will be deemed to restrict or condition in any manner the use by a party of its own Confidential Information.

(d) When Confidential Information is presented, quoted, or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering Party shall make 

5

Case 1:23-cv-10488-DLC   Document 55-1   Filed 12/20/24   Page 6 of 12

arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 4 are present during such presentation, quotation or reference, or that testimony can be sealed in accordance with the Court's procedures. If the offering Party is the Receiving Party, the offering Party may make the arrangements, or request the Court to make arrangements, or notify the Designating Party so that the Designating Party can make the arrangements, or request the Court to make arrangements.

(e) A Party to this Action seeking to file or disclose the substance of any Confidential Information shall seek leave of the Court to file such information as redacted and/or under seal, in accordance with Court procedure (such as Rule 8.B of Judge Cote's Individual Practices in Civil Cases). Any document containing Confidential Information shall be deemed timely filed when (i) a request for filing under seal is filed with the Court, and (ii) an electronic version of the complete, unredacted brief or submission (including any attachments and exhibits) is served upon counsel of record for all Parties via email or other electronic transmission. The Parties nevertheless acknowledge that judicial documents in the Southern District of New York carry a strong presumption of public access, therefore, the Parties agree to make efforts to publicly file information in judicial documents, such as briefs, motions and Court correspondence, without excessive requests to file such information under seal. No matter what party files a document containing Confidential Information, it is the Designating Party's burden to prove that the underlying information is entitled to confidential treatment or sealing. If a document containing Confidential Information is filed with the Court under seal, with a request that the Court seal the document, or with a request that the Court allow a redacted version to be filed, then, within five (5) business days, the Designating Party will file a response with the Court explaining why the Confidential Information is entitled to confidential treatment and with proposed redactions of the

Confidential Information. If a document containing Confidential Information that must be filed is served on the Designating Party prior to filing, rather than filed under seal, then the Designating Party and the filing Party will, when practicable, meet and confer within two (2) business days of the filing concerning narrowing the scope of the filing and to determine the best method to attempt to ensure that the Confidential Information remains sufficiently protected.

(f) Each Receiving Party shall maintain Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such information. This Paragraph applies to both electronic and physical copies of information. In the event of any disclosure of Confidential Information to parties or persons not authorized to receive such information under the terms of this Order, whether inadvertent or otherwise, the Receiving Party will provide notice to the Designating Party within three (3) days of discovery of the disclosure, agree to use best efforts to retrieve all copies of the information, and work with the Designating Party to mitigate any damaged caused by the disclosure.

(g) Prior to the entry of a final pretrial order, the Parties to this Action shall meet and confer to negotiate a proposal for Court approval for the handling of Confidential Information at trial.

6. **Non-waiver and Redesignation.**

(a) Except for testimony, documents, and things disclosed in open court, in the event any Designating Party produces Confidential Information that has not been correctly designated, the Designating Party may redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information at any time prior to trial. The Parties shall treat such information in accordance with this Order and shall undertake reasonable efforts to correct any disclosure of such

information contrary to the redesignation. The Designating Party shall also re-produce the redesignated Confidential Information with the Confidential stamp. No proof of error, inadvertence, or excusable neglect shall be required for such redesignation. The inadvertent failure to designate any information as Confidential will not be deemed to waive a later claim as to its confidential nature. The redesignated information shall be treated by the Receiving Party as Confidential Information from the time the Receiving Party is notified in writing of the change in the designation. However, the Receiving Party may challenge the new Confidential Information designation consistent with the procedures outlined in Paragraph 7 below.

(b) Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), in the event a Designating Party discloses information, whether inadvertent or otherwise, subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, the disclosure of the produced material will not be deemed, in itself, to waive or forfeit any privilege or protection that the Designating Party would otherwise be entitled to assert, either as to specific information in the produced document or its subject matter. Where it appears on its face that privileged or protected information was inadvertently disclosed or the Designating Party informs the Receiving Party that privileged information has been disclosed, the Receiving Party (i) must promptly return, destroy, or sequester the specified information and any copies thereof, (ii) must not use or disclose the information until the claim is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the Receiving Party was notified and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court under seal for a determination of the claim. The Receiving Party must preserve the information until the claim is resolved.

7.      **Objections.**  In the event that a Party disputes any Confidential designation, the Parties shall first try to resolve such dispute in good faith on an informal basis, consistent with Rule 26.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").  A Party may challenge designations as improperly designated by (a) particularly identifying (*e.g.*, by Bates or lines of deposition testimony) the contested information, (b) supplying reasons for such contention, and (c) serving such request on the Designating Party's counsel.  If the dispute cannot be resolved after ten (10) business days, the Party challenging designations may seek appropriate relief from the Court in accordance with the procedures outlined in Rule 37.2 of the Local Rules (regarding discovery disputes).  Pending the resolution of such dispute by the Court and any subsequent appeal therefrom, the Parties agree to treat the information that is the subject of the dispute in accordance with the Designating Party's designation.  The Designating Party shall carry the initial burden of establishing that the contested information merits designation as Confidential.

8.      **Disclosure Required By Law.**  This Order shall not preclude any Receiving Party from responding to a validly issued subpoena or other court order, or otherwise disclosing material as required by law, provided, however, that the Receiving Party responding to a subpoena or order that seeks the production or disclosure of Confidential Information shall provide written notice to counsel for the Designating Party as soon as practicable and no later than five (5) days after receipt of the subpoena or order, so that the Designating Party may seek a protective order or other appropriate remedy.  Except by agreement of the Parties, production or disclosure of Confidential Information shall not occur until the deadline set forth in a validly issued subpoena or order.

9.      **Duration and Jurisdiction.**  This Order shall remain in full force and effect until or unless modified, superseded, or terminated by order of this Court.  The obligations of this Order

shall survive the termination of this Action and continue to bind the Parties and their counsel, and all Receiving Parties. The Court will have continuing jurisdiction to enforce this Order, so long as the Order remains in effect, including after this Action is terminated.

10. **Return or Destruction of Material.** After the final determination of this Action, including all appeals, the Designating Party may demand that, within thirty (30) days of the demand, the Receiving Party either (a) return all Confidential Information to the Designating Party at the expense of the Designating Party, or (b) destroy all Confidential Information and provide a certificate of such destruction. Notwithstanding the foregoing, counsel for the Receiving Party may retain pleadings, correspondence, written discovery, transcripts, and attorney and consultant work product (but not document productions) for archival purposes even though they contain Confidential Information, which shall remain subject to this Order. Further, this Order does not require the return or destruction of documents or information that a Receiving Party is required by law to maintain, for such time as the law requires it to be maintained.

11. **Additional or Other Protections.** Nothing in this Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated: December 20, 2024

| ROBBINS GELLER RUDMAN & DOWD LLP | DOWD BENNETT LLP |
|---|---|
| /s/ *Noam Mandel* | /s/ *J. Russell Jackson* |
| Chad Johnson | James F. Bennett |
| Noam Mandel | J. Russell Jackson |
| Desiree Cummings | Megan S. Heinsz |
| Jonathan Zweig | Jenny Braun |
| Christopher Gilroy | 7676 Forsyth Blvd., Suite 1900 |
| 420 Lexington Avenue, Suite 1832 | St. Louis, Missouri 63105 |

10

So ordered.

/s/ Denise Cote
12/20/24

New York, NY 10170
Telephone: (212) 432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com
dcummings@rgrdlaw.com
jzweig@rgrdlaw.com
cgilroy@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

VANOVERBEKE, MICHAUD &
TIMMONY, P.C.
Thomas C. Michaud
79 Alfred Street
Detroit, MI 48201
Telephone: (313) 578-1200
tmichaud@vmtlaw.com

*Counsel for Wayne County Employees' Retirement System*

WOLF POPPER LLP
Robert C. Finkel
Joshua W. Ruthizer
Adam Savett
Justyn Millamena
845 Third Avenue, 12th Floor
New York, NY 10022
Telephone: (212) 759-4600
rfinkel@wolfpopper.com
jruthizer@wolfpopper.com
asavett@wolfpopper.com
jmillamena@wolfpopper.com

*Additional Counsel*

Telephone: (314) 889-7300
jbennett@dowdbennett.com
rjackson@dowdbennett.com
mheinsz@dowdbennett.com
jbraun@dowdbennett.com

Andrew Ditchfield
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
andrew.ditchfield@davispolk.com

*Counsel for Defendants*

**IT IS SO ORDERED.**

DATED: _____

                                    _____
                                    THE HONORABLE DENISE L. COTE
                                    UNITED STATES DISTRICT COURT

11

# ACKNOWLEDGMENT

I acknowledge that I have read the attached Stipulation and Protective Order entered by the United States District Court for the Southern District of New York in the case entitled *In re National Instruments Corporation Securities Litigation*, Case No. 1:23-cv-10488 (DLC), and understand that I am authorized to receive Confidential Information subject to that Stipulation and Protective Order. I agree to abide by the obligations and conditions of that Stipulation and Protective Order. I agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for all disputes arising out of or relating to the Stipulation and Protective Order and/or the disclosure or receipt of Confidential Information under that Stipulation and Protective Order.

Dated this ____ day of _____.

Signature: _____

Printed Name: _____

Company: _____

Title/Position: _____