# DOWD BENNETT LLP

J. Russell JacksonDirect Dial: 314.889.7379Email: rjackson@dowdbennett.com

June 16, 2025

*Via ECF*
Honorable Denise L. Cote,
United States District Judge
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
500 Pearl Street, Room 1910
New York, New York 10007

Granted.

/s/ Denise Cote
6/17/25

Re:In re National Instruments Corp. Sec. Litig., No. 1:23-cv-10488-DLC

Dear Judge Cote:

Lead Plaintiff in the above-referenced action has designated the entire deposition transcript of its expert as "Confidential." Therefore, in accordance with Rule 8.B of chambers' Individual Practices in Civil Cases, Defendants respectfully seek leave to file under seal, for a temporary period, the following components of Defendants' opposition to Lead Plaintiff's motion to certify a class, which are electronically linked to this publicly filed Letter motion, per Court rules:

- Unredacted selections of Defendants' memorandum in opposition to Lead Plaintiff's motion to certify that cite from or discuss Dr. Cain's testimony.
- Unredacted footnotes 63 and 73 of Dr. Denis's expert report, Exhibit 1 to Russell Jackson's declaration in support of Defendant's memorandum, which quote Dr. Cain's testimony.
- Unredacted paragraphs 36, 37, 39 of Dr. Denis's report, and footnotes 57, 58 and 60, which discuss Lead Plaintiff's trading records.
- Excerpts from Dr. Cain's deposition transcript, Exhibit 2 to Rusell Jackson's declaration in support of Defendant's memorandum.

Defendants request temporary sealing of these materials (together, the "Proposed Sealed Materials") so that Defendants may comply with the terms of the Stipulation and Protective Order entered in this matter, ECF 57 (the "Protective Order"). The Proposed Sealed Materials quote from, contain, or describe information that Lead Plaintiff has designated as Confidential Information.

Background

On December 20, 2024, this Court entered the Protective Order. Under the Protective Order, a party to the action "seeking to file or disclose the substance of any Confidential Information shall seek leave of the Court to file such information as redacted and/or under seal, in accordance with Court procedure." ¶ 5(e). "Confidential Information" means "nonpublic information that the Designating Party in good faith believes to constitute confidential or

proprietary business, technical, or financial information; commercially or competitively sensitive information," *inter alia,* that the Designating Party "in good faith" believes would cause "commercial or personal harm" if disclosed publicly. ¶ 2. Such Confidential Information may include deposition testimony. *Id.*; ¶ 3(c).

The Protective Order also states that the Designating Party bears the "burden to prove that the underlying information is entitled to confidential treatment or sealing" within five (5) business days of the submission to the Court. ¶ 5(e).

In discovery, Lead Plaintiff produced certain account statements of its investment accounts and designated them as Confidential Information. On May 2, 2025, Lead Plaintiff publicly filed a motion to certify a class in this action. ECF 64. In support of that motion, Lead Plaintiff publicly filed an expert report of Matthew D. Cain, ECF 66-2, which Lead Plaintiff discussed throughout its memorandum of law, ECF 65. On June 3, 2025, attorneys for Defendants deposed Dr. Cain. On June 16, 2025, the day of the deadline for Defendants' opposition brief, in an email to Defendants' counsel, counsel for Lead Plaintiff designated the entire Cain deposition transcript as "Confidential."

Defendants' opposition memorandum cites from and discusses Dr. Cain's testimony. Defendants also submit to the Court excerpts from the deposition as an exhibit in support of their memorandum. In addition, the expert report of Defendants' expert David J. Denis twice quotes from the deposition testimony. Dr. Denis's report also discusses records that Lead Plaintiff designated Confidential Information.

Analysis

At this time Defendants may not publicly file the Proposed Seal Materials without violating the Protective Order. Although the initial obligation to seek leave falls upon Defendants, Defendants are not well-positioned to explain whether or what confidentiality interests are at stake in the Proposed Seal Materials. "It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil … proceedings." *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 384 (S.D.N.Y. 2022) (concluding that expert reports are judicial documents). Because the "presumption of access is based on the need for federal courts to have a measure of accountability and for the public to have confidence in the administration of justice," courts in this Circuit review motions to seal documents "carefully and skeptically … to insure [*sic*] that there really is an extraordinary circumstance or compelling need to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (internal quotations omitted). Accordingly, Defendants request sealing for only five (5) business days, or until such other time as the Court may require, to permit Lead Plaintiff the opportunity to explain why it is entitled to protect any or all of the Proposed Seal Materials from public disclosure.

Sincerely,

*/s/ Russell Jackson*

J. Russell Jackson

2