# EXHIBIT A

Case 1:23-cv-10488-DLC    Document 92-1    Filed 08/04/25    Page 2 of 5

City of Philadelphia, San Diego Association of..., Not Reported in Fed....

2025 WL 2180607

2025 WL 2180607
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

City of Philadelphia, San Diego Association of Governments, Mayor and City Council of Baltimore, Plaintiffs-Appellees,

v.

Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Barclays Capital Inc., Citibank, N.A., Citigroup Global Markets Inc., Goldman Sachs & Co., J.P. Morgan Securities LLC, RBC Capital Markets LLC, Wells Fargo Bank, N.A., Wachovia Bank, N.A., Wells Fargo Securities LLC, Morgan Stanley & Co. LLC, Defendants-Appellants, Goldman Sachs Group, Inc., Jpmorgan Chase & Co., Wells Fargo & Co., BMO Financial Group, BMO Financial Corp., BMO Capital Markets Corp., BMO Capital Markets GKST Inc., Fifth Third Bancorp, Fifth Third Bank, Fifth Third Securities, Inc., Bank of America, N.A., Bank of America Corporation, Barclays Bank PLC, Citigroup, Inc., Citigroup Global Markets Limited, Royal Bank of Canada, Wells Fargo Funds Management, LLC, Morgan Stanley, Morgan Stanley Smith Barney LLC, Morgan Stanley Capital Group Inc., JPMorgan Chase Bank N.A., Defendants.

No. 24-297
|
August 1, 2025

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**Attorneys and Law Firms**

For Defendant-Appellant J.P. Morgan Securities LLC: Robert D. Wick, Covington & Burling LLP, Washington, DC (Robert A. Long, Jr., Covington & Burling LLP, Washington, DC; Andrew A. Ruffino, S. Conrad Scott, Deborah Malamud, Covington & Burling LLP, New York, NY, on the brief)

For Defendants-Appellants Banc of America Securities LLC and Merrill Lynch, Pierce, Fenner & Smith Incorporated: Noah Levine, WilmerHale, New York, NY

For Defendant-Appellant Barclays Capital Inc.: Boris Bershteyn, Lara Flath, Kamali P. Willett, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY

For Defendant-Appellant Citigroup Global Markets Inc.: Brad S. Karp, Susanna M. Buergel, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY

For Defendant-Appellant Morgan Stanley & Co. LLP: Adam S. Hakki, Allen Overy Shearman Sterling US LLP, New York, NY; John F. Cove, Jr., Allen Overy Shearman Sterling US LLP, San Francisco, CA; Grace J. Lee, Allen Overy Shearman Sterling US LLP, Washington, DC

For Defendant-Appellant Goldman Sachs & Co. LLC: Robert Y. Sperling, Staci Yablon, William B. Michael, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY

For Defendant-Appellant RBC Capital Markets, LLC: Andrew J. Frackman, Michael M. Klotz, O'Melveny & Myers LLP, New York, NY; Sergei Zaslavsky, O'Melveny & Myers LLP, Washington, DC

For Defendants-Appellants Wells Fargo Bank, N.A., Wachovia Bank, N.A., and Wells Fargo Securities LLC: Jayant W. Tambe, Laura Washington Sawyer, Rajeev Muttreja, Jones Day, New York, NY; Michael P. Conway, Jones Day, Chicago, IL

For Plaintiffs-Appellees: David M. Cooper, Quinn Emmanuel Urquhart & Sullivan, LLP, New York, NY (Daniel L. Brockett, Steig D. Olson, Quinn Emmanuel Urquhart & Sullivan, LLP, New York, NY; David H. Wollmuth, William A. Maher, Ronald J. Aranoff, Randall Rainer, Wollmuth Maher & Deutsch LLP, New York, NY; Seth Ard, Tamar Lusztig, Susman Godfrey LLP, New York, NY, on the brief)

PRESENT: PIERRE N. LEVAL, RICHARD C. WESLEY, RICHARD J. SULLIVAN, Circuit Judges.

**Opinion**

**\*1 UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 21, 2023 order of the district court is **AFFIRMED**.

Defendants-Appellants appeal from an order of the district court granting Plaintiffs-Appellees' motion for class certification pursuant to Federal Rule of Civil Procedure 23. Defendants-Appellants primarily argue that the district court erred in granting class certification by (1) applying the

wrong legal standard when assessing whether the questions of law or fact common to the class members predominated over any questions affecting only individual members and (2) discounting Defendants-Appellants' individualized defenses. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision below.

## I. Background
Plaintiffs-Appellees are issuers of a type of long-term bond issued by municipalities and other public or charitable entities called a Variable Rate Demand Obligation ("VRDO"). The bonds pay interest at a rate that is periodically reset so as to maintain a market price at or close to face value. An investor has the option to redeem the VRDO at face value on the bond's interest reset dates.

Plaintiffs-Appellees hired Defendants-Appellants and Defendants (collectively, the "Banks") to act as remarketing agents to set the interest rates on more than 12,000 VRDOs on their respective reset dates. As part of their contracts with Plaintiffs-Appellees, the Banks are required to set the interest rate at the lowest possible rate that would cause the VRDOs to trade at face value. When an investor decides to make use of the option to redeem a VRDO on an interest reset date, the Bank is contractually obligated to pay the investor face value for the security, and then either remarket the bond, sometimes to the provider of a letter of credit, or, if it cannot sell it for a satisfactory price, hold it among its own investments.

Importantly, the contractual obligation requiring the Banks to set the interest rate at the lowest rate possible ensures that Plaintiffs-Appellees are not overpaying interest to VRDO investors. If a Bank sets higher rates than what the market would require, the issuer can replace that Bank with another remarketing agent so as to avoid paying needlessly high interest costs. In an efficient market, the competition between the Banks and other remarketing agents for Plaintiffs-Appellees' business incentivizes the Banks to set interest rates as low as will cause them to trade at face value.

On August 6, 2021, Plaintiffs-Appellees filed an amended complaint, alleging that the Banks "conspired not to compete against each other in the market" and "to keep interest rates on VRDOs artificially high[ ] to benefit themselves ... to the detriment of VRDO issuers" in violation of section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1, and contrary to the Banks' contractual and fiduciary duties under various state laws. Dist. Ct. Doc. No. 210 at 31. According to

Plaintiffs-Appellees, the Banks worked together between February 1, 2008 and November 30, 2015 to maintain inflated VRDO interest rates by sharing proprietary information used to calculate VRDO interest rates and by channeling prospective rate information through third-party services to other Banks. Plaintiffs-Appellees allege that the inflated rates helped the Banks keep low-interest-rate VRDOs off their books, benefitted the Banks' money market funds – which were the predominant holders of VRDOs – and resulted in Plaintiffs-Appellees paying higher interest rates than the VRDO markets required.

**\*2**  Plaintiffs-Appellees subsequently moved for certification of a class of "[a]ll persons and entities who directly paid interest expenses on VRDOs that had interest rates reset ... [by] Defendants at any point from February 1, 2008 through November 30, 2015." Dist. Ct. Doc. No. 368 at 3. Plaintiffs-Appellees also sought certification of a sub-class, specifically "[a]ll persons and entities who were party to a remarketing agreement ... that applies to VRDOs that had interest rates reset ... from February 1, 2008 through November 30, 2015." *Id.* In support of their certification motion, Plaintiffs-Appellees provided testimony from two experts – Dr. William Schwert and Dr. Rosa Abrantes-Metz – who asserted that virtually all VRDOs had their interest rates inflated at least once during the conspiracy period and that the Banks set base rates consistent with one another, which "had a common and class-wide impact on the VRDO rates charged to class members." Dist. Ct. Docs. 369–1 at 44; 369–2 at 109. The Banks then moved to preclude the expert testimony and opposed the motion for class certification. The district court denied the Banks' motion to exclude the expert testimony and granted Plaintiffs-Appellees' motion to certify the class. Defendants-Appellants, a subset of the Banks, appealed the district court's decision to certify the class.

## II. Legal Standard
We review a district court's order granting class certification for abuse of discretion. *See Denney v. Deutsche Bank AG, 443 F.3d 253, 263 (2d Cir. 2006)*. To attain class certification, a plaintiff "must affirmatively demonstrate his compliance" with Federal Rule of Civil Procedure 23. *Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013)* (internal quotation marks omitted). More than just "a mere pleading standard," Rule 23 requires a party to "be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)," and to "satisfy through evidentiary proof at least one of the provisions of

Rule 23(b)." *Id.* (internal quotation marks omitted). Rule 23(b)(3) – the provision relevant here – requires a court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

In determining whether a plaintiff has sufficiently established that the requirements of Rule 23(b)(3) have been satisfied, courts must conduct "a rigorous analysis." *Comcast*, 569 U.S. at 33. "Such an analysis will frequently entail overlap with the merits of the plaintiff's underlying claim" and may even require courts "to probe behind the pleadings." *Id.* at 33–34 (internal quotation marks omitted). If the evidence shows that the requirements have been met by a preponderance of the evidence, a court may certify a class. *See Levitt v. J.P. Morgan Sec., Inc.*, 710 F.3d 454, 465 (2d Cir. 2013). Importantly, the party moving for class certification bears the burden of proof. *See id.*

## III. Discussion

Defendants-Appellants challenge the district court's finding that Plaintiffs-Appellees met their burden of showing that common questions of law or fact predominate. Defendants-Appellants specifically raise two arguments on appeal. *First*, they maintain that the district court applied the wrong legal standard when assessing whether common questions predominate. *Second*, they contend that "the district court improperly discounted [their] individualized defenses to injury and causation in assessing predominance." Appellants Br. at 22. We address each argument in turn.

### A. The District Court Applied the Correct Legal Standard

Defendants-Appellants insist that the district court failed to conduct the requisite "rigorous analysis" when determining whether the Rule 23(b)(3) predominance requirement had been met. They assert that the district court merely conducted an inquiry pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine whether Plaintiffs-Appellees' expert reports were admissible and then simply deferred to the reports when certifying the class. The district court erred, they contend, by failing to weigh their competing expert evidence, which in their view would have compelled a finding that Plaintiffs-Appellees failed to meet the predominance requirement of Rule 23(b)(3).

**\*3** But Defendants-Appellants misread the district court's order. Contrary to Defendants-Appellants' suggestions, the district court did not merely assess the admissibility of the expert reports under *Daubert* before concluding that common issues predominated. Rather, the district court properly proceeded in two stages, first determining that Plaintiffs-Appellees' expert testimony was admissible under *Daubert*, and then examining both sets of expert reports to conclude that common issues of law and fact predominated at trial. *See City of Philadelphia v. Bank of Am. Corp.*, No. 19-cv-1608 (JMF), 2023 WL 6160534, at *3 (S.D.N.Y. Sept. 21, 2023) ("[T]he Court here applies a *Daubert* analysis *to the extent that* Defendants seek to exclude testimony relevant to the pending class certification motion." (emphasis added) (alternations accepted and internal quotation marks omitted)). In fact, the district court made explicitly clear that *Daubert* "does not end the analysis," *id.* at *10, and subsequently explained why Defendants-Appellants' arguments against class certification fell short, *see, e.g.*, *id.* at *10–11 (rejecting Defendants-Appellants' argument that they would introduce individual defenses "for thousands of VRDOs" (internal quotation marks omitted)).

Nor are we persuaded that the district court's analysis was insufficiently rigorous. As Defendants-Appellants concede, the district court conducted a thorough analysis before determining Plaintiffs-Appellees' expert reports were admissible under *Daubert*. *See id.* at *3–9. But the district court did not stop there. It went on to evaluate whether certification was permissible, considering issues disputed and undisputed by Defendants-Appellants, before ultimately deciding that the common issues to the case, such as whether Defendants-Appellants' alleged conspiracy caused Plaintiffs-Appellees to pay higher interest rates, predominated over individual issues. *See id.* at *9–14. Such analysis, in our view, was sufficiently "rigorous" to meet the requirements of Rule 23(b)(3). *Comcast Corp.*, 569 U.S. at 35.

Defendants-Appellants ultimately argue that the district court was required to resolve the disputes between the parties' dueling expert reports at the class certification stage. But that argument is clearly based on a misreading of Rule 23 and Supreme Court precedent. "Rule 23(b)(3) requires a showing that *questions* common to the class predominate, not that those questions will be *answered*, on the merits, in favor of the class." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013) (second emphasis added); *see also id.* at 465–66 ("Although we have cautioned that a court's class-certification analysis must be 'rigorous' and may 'entail some

Case 1:23-cv-10488-DLC   Document 92-1   Filed 08/04/25   Page 5 of 5

overlap with the merits of the plaintiff's underlying claim,' Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." (internal citation omitted)). Indeed, in the context of assessing whether expert testimony establishes that common issues predominate, the Supreme Court has said that "[o]nce a district court finds [expert] evidence to be admissible," a district court can only deny class certification based on the persuasiveness of the expert evidence if "no reasonable juror could have believed" the expert evidence. *See Tyson Foods, Inc. v. Bouaphakeo,* 577 U.S. 442, 459 (2016). The district court properly applied that standard below, concluding that "Dr. Schwert's and Dr. Abrantes-Metz's [admissible] testimony" – if believed by the factfinder – could support a finding of antitrust liability as to "each class member." *Bank of Am. Corp.*, 2023 WL 6160534, at * 10.

Based on the record before us, we cannot say that the district court applied the incorrect legal standard – either by substituting the *Daubert* standard for the Rule 23(b)(3) standard or by eschewing a "rigorous analysis" of the expert testimony – when ruling on Plaintiffs-Appellees' class-certification motion.

### B. The District Court Did Not Improperly Discount the Defenses

Defendants-Appellants also argue that the district court "improperly discounted [their] individualized defenses to injury and causation" in assessing whether Plaintiffs-Appellees showed that common issues predominate. Appellants Br. at 22. Specifically, Defendants-Appellants contend that the district court erred when it faulted them "for not quantifying precisely how many individualized inquiries would be required" if the case were to go to trial, in essence "flipp[ing] the burden" of proving that common questions would predominate onto Defendants-Appellants. *Id.* at 23 (internal quotation marks omitted). We disagree.

**\*4** For starters, the district court clearly considered Defendants-Appellants' " 'main argument' against class certification," *i.e.*, "that 'individual fact-specific showing[s]'

" would be required to "determine whether the rates that were set on any given VRDO are fully explained by the specific circumstances of that particular bond" or at least partially explained by the alleged conspiracy. *Bank of Am. Corp.*, 2023 WL 6160534, at \*10. The district court simply concluded that Plaintiffs-Appellees' expert testimony – once deemed admissible – rendered the question of causation one to be resolved "as a matter of summary judgment, not class certification," since "the concern about the proposed class [was] not that it exhibit[ed] some fatal dissimilarity but, rather, a fatal similarity," namely "an alleged failure of proof as to [Plaintiffs-Appellees'] cause of action." *Id.* (quoting *Tyson Foods*, 577 U.S. at 457).

We likewise disagree with Defendants-Appellants' suggestion that the district court flipped the burden of proof with respect to predominance. The district court explicitly acknowledged that "the moving party" has the burden of showing that it met the requirements for class certification. *Id.* at \*2. And, as the district court noted, Plaintiffs-Appellees overcame that burden here by providing evidence showing that "*virtually all* VRDOs had their rates inflated at least once during the conspiracy period," thereby raising an issue that was common to the class. *Id.* at \*5.

For these reasons, we cannot say that the district court improperly discounted the Banks' defenses while assessing predominance under Rule 23(b)(3).

\* \* \*

We have considered Defendants-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

**All Citations**

Not Reported in Fed. Rptr., 2025 WL 2180607

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.