**Robbins Geller Rudman & Dowd LLP**

Chicago   Melville   Nashville   San Diego   Wilmington
Boca Raton   Manhattan   Philadelphia   San Francisco   Washington, D.C.

Noam Mandel
noam@rgrdlaw.com
212-432-5155

August 12, 2025

<u>VIA ECF</u>

The Honorable Denise L. Cote
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

     Re:    *In re National Instruments Corp. Securities Litigation*,
           <u>Case No. 1:23-cv-10488-DLC (S.D.N.Y.)</u>

Dear Judge Cote:

We represent Lead Plaintiff in this matter. We write to request leave to take seven fact depositions, in addition to deposing the two individual defendants in this case. Although this number of fact depositions is fewer than permitted without leave under Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure, the Court expressed a preference during the October 11, 2024 conference for a total of five plaintiff-side fact depositions. This case has evolved since that early-stage conference, and the record supports a greater number of fact depositions for plaintiff. We have conferred with defendants' counsel, but defendants have failed to articulate a definitive position on this issue, and the meet and confer process was unsuccessful. Lead Plaintiff therefore respectfully requests leave to take seven fact depositions in addition to deposing the two individual defendants.

The record developed since the October 11, 2024 conference supports this request. Document productions have revealed the identity of key individuals with direct knowledge concerning the Emerson transaction and defendants' related stock-repurchase scheme, and Lead Plaintiff has identified seven non-defendant fact witnesses (specified below) with important evidence concerning Class members' claims. Moreover, since the October 11, 2024 conference, defendants have amended their initial disclosures to identify in-house lawyers as potential witnesses and informed Lead Counsel (despite earlier denials) that defendants intend to assert an advice-of-counsel defense based on supposed *oral* legal advice, necessitating additional discovery to refute this newly-asserted defense in addition to establishing the elements of Class members' claims. Lead Plaintiff therefore seeks the following seven non-defendant fact depositions:

- <u>Karen Rapp</u>: Ms. Rapp was NI's Chief Financial Officer and directly oversaw and effectuated the repurchase strategy that is central to this case. She also was personally involved in NI's strategy for responding to Emerson's offers, including the repurchases.

- <u>Kevin Ilcisin</u>: Mr. Ilcisin was NI's Vice President of Strategy and Corporate Development and was personally involved in NI's strategy for responding to Emerson's offers, including the

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Denise L. Cote
August 12, 2025
Page 2

repurchase scheme. He attended numerous important meetings concerning these matters and kept relevant handwritten notes that require his testimony. These notes include his "wine bet" with Ms. Rapp concerning the likelihood of an improved offer from Emerson. *See* ECF No. 86-1 at 18-21.

- <u>Surendralal Karsanbhai</u>: Mr. Karsanbhai is Emerson's Chief Executive Officer and is the author and declarant of key evidence in this case, including his multiple letters offering to acquire NI and demonstrating the facts and circumstances of Emerson's highly material acquisition offers. He was also the author of other important correspondence to defendants during the proposed Class Period and is in the best position to testify about his own statements.

- <u>Bank of America</u>: BofA Securities, Inc. was NI's financial advisor on the Emerson deal and is in a unique position to testify regarding defendants' strategy concerning Emerson's offers and their expectation that Emerson would increase its offer.

- <u>R. Eddie Dixon, Jr.</u>: Mr. Dixon was NI's Chief Legal Officer and was directly involved in NI's strategy for responding to Emerson's offers, including defendants' repurchase scheme. He was also the lead in-house NI attorney directly involved in the facts surrounding defendants' purported oral advice-of-counsel defense and is identified as a witness in defendants' amended initial disclosures.

- <u>Albert Percival</u>: Mr. Percival, another senior in-house NI attorney, worked directly with Ms. Rapp, Mr. Dixon, Wachtell, and others in connection with defendants' repurchase scheme, including by implementing defendants' manipulative Rule 10b5-1 stock repurchase plan. Mr. Percival was directly involved in the facts surrounding defendants' purported oral advice-of-counsel defense and is identified as a witness in defendants' amended initial disclosures.

- <u>Wachtell, Lipton, Rosen & Katz</u>: Wachtell represented NI in connection with the Emerson offers and is in a unique position to provide evidence regarding defendants' strategy concerning Emerson's offers, including the repurchases at issue in this case. Wachtell attorneys were directly involved in the facts surrounding defendants' purported oral advice-of-counsel defense.[1]

In light of the foregoing, and in the interests of justice, Lead Plaintiff respectfully seeks to depose these seven fact witnesses, in addition to deposing the two defendants individually named in this case.

---

[1] These brief summaries of the witnesses' relevance are not intended to limit the scope of the requested depositions.

**Robbins Geller**
**Rudman & Dowd** LLP

The Honorable Denise L. Cote
August 12, 2025
Page 3

Respectfully submitted,

*/s/ Noam Mandel*

Noam Mandel

cc:    All Counsel of Record (via ECF)