# DOWD BENNETT LLP

**John D. Comerford**     Direct Dial: (314) 889-7311     Email: jcomerford@dowdbennett.com

---

August 8, 2025

**VIA ECF**

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

**Re:** *In re National Instruments Corporation Securities Litigation*, 23-cv-10488-DLC

Dear Judge Cote:

Defendants National Instruments Corporation ("NI"), Eric Starkloff, and Michael McGrath ("Defendants") write in accordance with Rule 8.B of chambers' Individual Practices in Civil Cases and pursuant to this Court's July 29, 2025 Order, ECF 87, to provide their position regarding Lead Plaintiff's July 28, 2025 letter motion to seal. ECF 82. Defendants respectfully request that this Court authorize the continued redaction of competitively sensitive business information cited from documents designated as Confidential pursuant to the Protective Order in this case, ECF 57, by both National Instruments and third-party Bank of America Securities, Inc.

Pursuant to Rule 8.B, Defendants are publicly filing contemporaneously herewith, with their requested redactions, copies of the July 28, 2025 Expert Report of Matthew D. Cain, Ph.D. ("Report"), *see* ECF 85-1, 86-1, Exhibit A to Comerford Decl., and Lead Plaintiff's Reply Memorandum of Law in Further Support of Lead Plaintiff's Motion for Class Certification ("Reply"), *see* ECF 82, 83, Exhibit B to Comerford Decl. Defendants are also contemporaneously filing under seal copies of the Report and the Reply with Defendants' requested redactions highlighted. The versions being submitted by Defendants redact some of the information redacted by Lead Plaintiff and remove some of Lead Plaintiff's redactions. Defendants do not request any additional redactions beyond those made by Lead Plaintiff in the July 28, 2025 filings. Defendants take no position regarding the continued sealing of excerpts of the deposition transcript of David J. Denis, Ph.D, *see* ECF 85-2, 86-2.

Legal Standard

The First Amendment's presumption of public access to judicial documents prevents sealing from the public "without sufficient justification." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *New York C.L. Union v. New York City Transit Auth.*, 684 F.3d 286, 296 (2d Cir. 2012)). This presumption can be "overcome by specific, on-the-record findings that sealing is necessary to preserve higher values" and where "the sealing order is narrowly tailored to achieve that aim." *Id.* (cleaned up).

Such "higher values" that courts find sufficient to warrant sealing or redactions include "the protection of competitively sensitive business information" and "the preservation of attorney-client privilege." *Phase One Network, Inc. v. Ye*, No. 22-CV-9511, 2024 WL 964613, at *2 (S.D.N.Y. Mar. 5, 2024). Sealing or redaction is warranted where judicial documents contain "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (cleaned up) (holding redactions warranted for information on manufacturer's "advertising expenditures and plans" and "merchandising strategies, policies, and sales"); *Hesse v. SunGard Sys. Int'l*, No. 12-cv-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing documents with "sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing"). In addition, sealing or redaction is especially warranted where such "higher values" implicate the confidential information of third parties. *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

Analysis

Many of the Confidential documents cited by Lead Plaintiff and Dr. Cain in the Report and Reply reflect certain strategies and methodologies of Emerson as it made its initial proposals to NI and purchased NI shares on the open market. These documents contain "business information and strategies, which, if revealed, [would] provide valuable insights into [Emerson's] current business practices that a competitor would seek to exploit" – specifically, this Confidential Information would provide Emerson's competitors with a recent case study illustrating Emerson's potential strategies in connection with pursuing the acquisition of other companies. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511.

- The redacted Confidential Information in paragraphs 74, 75, 80, 82, 83, 84, 85, and 94 of the Report reveal the timing, magnitude, and estimated total spend associated with Emerson's purchases of NI shares. Similarly, the redacted Confidential Information in paragraph 90 of the Report provides a description of this information, as well as analysis of what that information could indicate about Emerson's potential acquisition strategy. This information, if revealed, could provide competitors insight into Emerson's current or future acquisition strategies.

- The same Confidential Information is included in the redactions in paragraphs 4, 5, 20, and 21 of Appendix C to the Report, and on pages 7 and 9-10 of the Reply.

In addition, many of the Confidential documents cited by Lead Plaintiff and Dr. Cain in the Report and Reply reflect the business strategies of multiple firms engaged by NI to provide analysis and advice in connection with the proposals by Emerson and the NI share repurchases at issue in this case. These firms are in the business of providing such analysis and advice. The disclosure of their terms of engagement, pricing, strategies, and analysis could similarly provide "valuable insights into [their] current business practices that a competitor would seek to exploit" – just as for Emerson, this Confidential Information would provide competitors of these firms with

a case study in how they structure their engagements and provide analysis to clients. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511; *Hesse*, 2013 WL 174403, at *2 (sealing documents with "proprietary business information," such as "billing rates and project pricing").

NI's outside legal counsel, Wachtell, Lipton, Rosen & Katz ("Wachtell"), provided legal analysis and advice to NI in relation to Emerson's proposals and NI's share repurchases.[1]

- The redacted Confidential Information in paragraphs 40, 44, and 92 of the Report and paragraph 22, n.214 of Appendix C to the Report reveals legal advice, strategic analysis, and strategic recommendations made by Wachtell to NI regarding potential takeover contingencies and response tactics.

- The redacted Confidential Information in paragraph 64 of the Report details legal and strategic advice provided by Wachtell about NI's internal communications related to Emerson's proposals and NI's response.

Bank of America Securities, Inc. ("BofA") was engaged by NI as its lead financial advisor in connection with an actual or potential transaction involving Emerson to review, consider, and analyze any such acquisition and potential responses thereto.

- The redacted Confidential Information in paragraphs 41 and 135(h) of the Report and paragraph 13 of Appendix C to the Report quotes directly from BofA's engagement letter with NI and describes the scope and terms of BofA's engagement and its fee structure and amount.

- The redacted Confidential Information in paragraph 45 of the Report and paragraphs 31 and 33 and Table B of Appendix C to the Report describes financial analysis conducted by BofA, conclusions drawn from its analysis, and advice given with respect to the potential for an acquisition attempt by Emerson.

- Similarly, the redacted Confidential Information in paragraphs 48, 91, and 92 of the Report and paragraphs 5 and 23 of Appendix C to the Report describes BofA's practices and strategic approach when it advised NI on a potential acquisition attempt by Emerson.

- The redacted Confidential Information in paragraphs 62, 82, and 86 of the Report and paragraph 23 of Appendix C to the Report describes strategic analysis and advice

---

[1] Defendants acknowledge they have waived attorney-client privilege in this litigation with respect to legal advice from Wachtell rendered between May 25, 2022 and October 31, 2022 about NI's share repurchases and any actual or potential transaction involving Emerson. That being said, NI's limited privilege waiver when producing certain documents, which Defendants have designated Confidential pursuant to the Protective Order, does not constitute a waiver of Defendants' position that such information is Confidential and that "higher values" warrant sealing such information. *See, e.g., In re Leslie Fay Companies, Inc. Sec. Litig.*, 161 F.R.D. 274, 284 (S.D.N.Y. 1995) ("[T]he Second Circuit [has] indicated that the disclosure of privileged information to the government may not constitute a waiver if the government agrees to maintain the confidentiality of the disclosed materials.").

provided by BofA regarding NI's communications related to an actual or potential transaction involving Emerson.

- The redacted Confidential Information in paragraphs 70 and 73 of the Report provides insight into specific elements of BofA's analysis of a potential transaction with Emerson.

MacKenzie Partners, Inc. ("MacKenzie"), a proxy solicitation, investor relations, and corporate governance firm, was engaged by NI to perform certain services in connection with an actual or potential transaction involving Emerson.

- The redacted Confidential Information in paragraph 52 of the Report details the scope of MacKenzie's engagement, the methods utilized by MacKenzie, and elements of MacKenzie's business structure.

- Similarly, the redacted Confidential Information in paragraphs 74, 80, and 94 of the Report details the scope of MacKenzie's engagement.

- The redacted Confidential Information in paragraph 83 of the Report and paragraphs 5 and 21 of Appendix C to the Report reveals MacKenzie's strategic analysis related to a potential transaction involving Emerson and its advice to NI.

FGS Global provided NI with analysis and advice regarding strategic communications relating to an actual or potential transaction involving Emerson.

- The redacted Confidential Information in paragraphs 62 and 86 of the Report describes FGS's strategic approach and the analysis and advice provided by FGS regarding NI's communications related to an actual or potential transaction involving Emerson.

Conclusion

Defendants' position is that the Report and Reply reveal the competitively sensitive business information of multiple third parties, including Emerson and NI's advisors. Accordingly, Defendants respectfully request the Court authorize the Report and Reply to remain redacted on the public docket, with the redactions requested by Defendants in this letter motion and the copies of each document, Exhibits A and B to Comerford Decl., filed contemporaneously herewith.

Respectfully submitted,

*/s/ John D. Comerford*

John D. Comerford

cc: all counsel (via ECF)

Granted.

*/s/ Denise Cote*
August 14, 2025