## Robbins Geller Rudman & Dowd LLP

| | | | | |
|---|---|---|---|---|
| Chicago | Melville | Nashville | San Diego | Wilmington |
| Boca Raton | Manhattan | Philadelphia | San Francisco | Washington, D.C. |

Noam Mandel
noam@rgrdlaw.com
212-432-5155

August 14, 2025

*[handwritten: The requests to depose Mr. Karsanbhai and a Wachtell attorney are denied.*

*Denise Cote
8/15/25]*

VIA ECF

The Honorable Denise L. Cote
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *In re National Instruments Corp. Securities Litigation,*
      Case No. 1:23-cv-10488-DLC (S.D.N.Y.)

Dear Judge Cote:

We represent Lead Plaintiff in this matter. We respectfully urge the Court to grant Lead Plaintiff's request for leave to take nine fact depositions. ECF No. 97. We write to respond to several erroneous assertions in Defendants' August 13, 2025 letter opposing this request. ECF No. 98. Defendants ask the Court to forbid the deposition of three of the nine witnesses on baseless and untenable grounds:

Mr. Karsanbhai: Defendants seek to deny Lead Plaintiff a deposition of Mr. Karsanbhai because they know his truthful testimony will give powerful support to Class members' claims. Mr. Karsanbhai's own words offering to acquire NI at a significant premium are the most important evidence of materiality in this case, and the factfinder should hear directly from him. Defendants' consistent defense in this case has been their baseless contention that Mr. Karsanbhai's offers were not material information – *e.g.*, that the deal was supposedly "dead" during the Class Period. *See* ECF No. 71 at 18. Defendants know that Mr. Karsanbhai's testimony will refute their story in clear and understandable terms for jurors. Indeed, Defendants' strategy appears to be to create doubt about the seriousness of Mr. Karsanbhai's offers while attempting to exclude his direct testimony showing just how serious his offers actually were.

Defendants' principal argument against allowing Mr. Karsanbhai's deposition is that he is the CEO of a Fortune 500 company. But "the public has a right to every man's evidence" – even those who sit at our society's apex. *Trump v. Vance*, 591 U.S. 786, 791 (2020). Defendants make no showing of any actual undue burden on Mr. Karsanbhai beyond generalities about his elite CEO status.[1] Defendants cannot contend that Mr. Karsanbhai's testimony is not highly relevant to

---

[1] Defendants also fail to mention the numerous accommodations Lead Plaintiff offered to Mr. Karsanbhai to ensure no undue burden. For example, Lead Plaintiff offered in writing to schedule the deposition at a date and time convenient to Mr. Karsanbhai, limit his deposition time to three and a half hours, take his deposition remotely, incorporate breaks for Mr. Karsanbhai to attend to any CEO responsibilities, and consider any other limitations Defendants or Mr. Karsanbhai might propose to the scope of his deposition.

## Robbins Geller
## Rudman & Dowd LLP

The Honorable Denise L. Cote
August 14, 2025
Page 2

materiality (their letter fails to even mention this element), so Defendants focus instead only on their contention that Mr. Karsanbhai has no evidence regarding scienter – but even this assertion is wrong because he also had relevant oral communications directly with Defendant Starkloff before the Class Period and will therefore also have valuable testimony to offer concerning that individual's state of mind.  In sum, Defendants' contention that Mr. Karsanbhai has no unique evidence is untrue, he is not above giving this evidence under oath, and the Court should reject Defendants' attempt to slant the table in their favor.

Wachtell:  Defendants' effort to prevent deposition testimony from a Wachtell representative is another example of their effort to unfairly limit testimony they fear will disfavor them.  Defendants assert they received *oral* legal advice from Wachtell attorneys (the record thus far contains no evidence of any pertinent written legal advice), and their position appears to be that the factfinder must simply accept NI personnel's self-interested characterizations of this supposed oral legal advice without further inquiry or testing.  But there is substantial reason to doubt that any such oral legal advice ever occurred (it would be at least unusual for sophisticated corporate actors to carry out millions of dollars of insider trades based on legal advice given in passing), and "if the advice rendered was in part oral, as in this case, there will inevitably be some question as to what the attorney actually told the client." *Matsushita Elec. Corp. v. Loral Corp.*, No. 92 Civ. 5461 (SAS), 1995 WL 527640, at *2 (S.D.N.Y. Sep. 7, 1995).

BofA Securities:  Defendants appear to oppose Lead Plaintiff's request for a deposition of a representative of BofA Securities because of a supposed lack of involvement by BofA Securities in this request.  Defendants are misinformed.  Lead Counsel has been in extensive discussions for weeks with counsel for BofA Securities (as it has with Wachtell), has shared a draft of topics for a deposition subpoena under Rule 30(b)(6) with counsel for BofA Securities, and has obtained agreement from BofA Securities to provide Mr. Shawn Liu (the lead banker advising NI in connection with Mr. Karsanbhai's offers) as their designated witness.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Noam Mandel*

Noam Mandel

cc:    All Counsel of Record (via ECF)