# DOWD BENNETT LLP

James F. Bennett                          (314) 889-7300                          jbennett@dowdbennett.com

---

December 22, 2025

**VIA ECF**

*Granted!*
*Denise Cote*
*12/30/25*

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

**Re:    *In re National Instruments Corporation Securities Litigation*, 23-cv-10488-DLC**

Dear Judge Cote:

Defendants National Instruments Corporation ("NI"), Eric Starkloff, and Michael McGrath ("Defendants") write in accordance with Rule 8.B of chambers' Individual Practices in Civil Cases to request leave to file under seal and with redactions portions of: Memorandum of Law in Support of Defendants' Motion for Summary Judgment; Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment; exhibits to the Declaration of James F. Bennett in Support of Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment; Memorandum of Law in Support of Motion to Exclude Expert Testimony of Dr. Matthew Cain; and exhibits to the Declaration of James F. Bennett in Support of Memorandum of Law in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Matthew Cain. Defendants respectfully request that this Court authorize the sealing and redaction of competitively sensitive business information cited from documents designated as Confidential pursuant to the Protective Order in this case, ECF 57, by National Instruments and third-parties Bank of America Securities, Inc. ("BofA") and Wachtell, Lipton, Rosen & Katz ("Wachtell"). Defendants also request leave to file temporarily under seal certain documents designated Confidential by Plaintiff pursuant to the Protective Order.

Pursuant to Rule 8.B, Defendants are publicly filing contemporaneously herewith, with their requested redactions, copies of the documents for which Defendants request leave to redact. Defendants are also contemporaneously filing under seal copies of these documents with Defendants' requested redactions highlighted, as well as all documents for which Defendants request leave to file under seal in their entirety.

Legal Standard

The First Amendment's presumption of public access to judicial documents prevents sealing from the public "without sufficient justification." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *New York C.L. Union v. New York City Transit Auth.*, 684 F.3d 286, 296 (2d Cir. 2012)). This presumption can be "overcome by specific, on-the-record

Honorable Denise L. Cote
December 22, 2025
Page 3

- Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment: Paragraphs 141 and 168.

- Exhibits to the Declaration of James F. Bennett in Support of Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment: Exhibit 2, page 177-78; Exhibits 37 and 44.

- Exhibits to the Declaration of James F. Bennett in Support of Memorandum of Law in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Matthew Cain: Exhibit C, paragraphs 65, 66, and 78; Exhibit D, paragraph 32; and Exhibit E, paragraphs 31(3), 57, 96, 114-15, 116 n.231, 120-22, 129-31, 145-46, and 182.

In addition, many of the Confidential documents cited reflect the business strategies of multiple firms engaged by NI to provide analysis and advice in connection with the proposals by Emerson and the NI share repurchases at issue in this case. These firms are in the business of providing such analysis and advice. The disclosure of their terms of engagement, pricing, strategies, and analysis could similarly provide "valuable insights into [their] current business practices that a competitor would seek to exploit" – just as for Emerson, this Confidential Information would provide competitors of these firms with a case study in how they structure their engagements and provide analysis to clients. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511; *Hesse*, 2013 WL 174403, at *2 (sealing documents with "proprietary business information," such as "billing rates and project pricing").

NI's outside legal counsel, Wachtell, provided legal analysis and advice to NI in relation to Emerson's proposals and NI's share repurchases.[2] Wachtell has also produced documents in this litigation, designated Confidential, reflecting its analysis and advice. Defendants request leave to file with redactions and under seal the following documents reflecting legal advice, strategic advice, and strategic recommendations by Wachtell, including documents produced by Wachtell:

- Memorandum of Law in Support of Defendants' Motion for Summary Judgment: Page 17.

- Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment: Paragraphs 41, 47, 48, 49, 52, 63, 67, 83, 137, and 139 reflect legal advice and strategic analysis by Wachtell. Further, paragraphs 137 and 139 contain information from documents produced, and designated Confidential, by Wachtell.

---

[2] Defendants acknowledge they have waived attorney-client privilege in this litigation with respect to legal advice from Wachtell rendered between May 25, 2022 and October 31, 2022 about NI's share repurchases and any actual or potential transaction involving Emerson. That being said, NI's limited privilege waiver when producing certain documents, which Defendants have designated Confidential pursuant to the Protective Order, does not constitute a waiver of Defendants' position that such information is Confidential and that "higher values" warrant sealing such information. *See, e.g.*, *In re Leslie Fay Companies, Inc. Sec. Litig.*, 161 F.R.D. 274, 284 (S.D.N.Y. 1995) ("[T]he Second Circuit [has] indicated that the disclosure of privileged information to the government may not constitute a waiver if the government agrees to maintain the confidentiality of the disclosed materials.").

Case 1:23-cv-10488-DLC   Document 108   Filed 12/22/25   Page 5 of 6

Honorable Denise L. Cote
December 22, 2025
Page 5

actual or potential transaction involving Emerson. Defendants request leave to file with redactions and under seal the following documents reflecting MacKenzie's terms of engagement and strategic advice:

- <u>Exhibits to the Declaration of James F. Bennett in Support of Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment</u>: Defendants request leave to file under seal in its entirety Exhibit 27, which reflects the terms of MacKenzie's engagement.

- <u>Exhibits to the Declaration of James F. Bennett in Support of Memorandum of Law in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Matthew Cain</u>: Exhibit E, paragraphs 61, 62, 116, and 118.

FGS Global provided NI with analysis and advice regarding strategic communications relating to an actual or potential transaction involving Emerson. Defendants request leave to file with redactions and under seal the following documents reflecting FGS's terms of engagement and strategic advice:

- <u>Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment</u>: Paragraphs 96 and 97.

- <u>Exhibits to the Declaration of James F. Bennett in Support of Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment</u>: Defendants request leave to file under seal in its entirety Exhibit 26, which reflects the terms of FGS's engagement.

- <u>Exhibits to the Declaration of James F. Bennett in Support of Memorandum of Law in Support of Defendants' Motion to Exclude Expert Testimony of Dr. Matthew Cain</u>: Exhibit C, paragraphs 60 and 64; and Exhibit E, paragraphs 80 and 114.

Finally, some of the Confidential documents cited include references to third parties discussed by NI, or with whom NI engaged, who have no connection to this litigation. The disclosure of this information could reveal sensitive confidential information about these entities, such as that they discussed with, or were engaged by, NI. *See N. Star IP Holdings*, 710 F. Supp. 3d at 211. Defendants request leave to file with redactions and under seal the following documents implicating the confidentiality interests of such third parties:

- <u>Exhibits to the Declaration of James F. Bennett in Support of Defendants' Rule 56.1 Statement of Undisputed Material Facts in Support of Motion for Summary Judgment</u>: Exhibit 4, page 5 (*see also* Exhibit A to Exhibit 45, which is the same document with the same redactions); Exhibit 29, page 2 (*see also* Exhibit C to Exhibit 45, which is the same document with the same redactions).