# EXHIBIT 65

# FILED UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NATIONAL INSTRUMENTS CORPORATION SECURITIES LITIGATION | Civil Action No. 1:23-cv-10488 (DLC) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO LEAD PLAINTIFF'S
FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Southern District of New York, National Instruments Corporation ("National Instruments"), Michael McGrath and Eric Starkloff (the "Individual Defendants," and, together with National Instruments, the "Defendants"), through undersigned counsel, submit these Responses & Objections to Lead Plaintiff's First Set of Requests for Admission to Defendants (the "Requests," and each individually, a "Request").

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Lead Plaintiff served identical Requests on National Instruments, Mr. Starkloff, and Mr. McGrath. Accordingly, objections are made on behalf of Defendants, who answer separately according to their knowledge.

The following General Objections apply to each Request. By providing responses and objections to the Requests, in whole or in part, Defendants do not intend to waive, and do not waive, any of these General Objections, or any specific objection with respect to any Request.

1.	Defendants object to each Request to the extent that it seeks, or may be construed to seek, information protected from disclosure by the attorney-client privilege, attorney work product doctrine, common interest doctrine, joint defense, and/or any other applicable privilege or protection, beyond the scope of Defendants' privilege waiver, as reflected in the parties' June 6, 2025 letter/email agreement entitled "Joint Agreement re Privilege." Any such information will not be provided, and any inadvertent production of any information that Defendants believe is immune from discovery pursuant to any applicable privilege or protection shall not be deemed a waiver.

2.	Defendants disclose confidential information only in accordance with, and subject to, the provisions and protections of the Court's December 20, 2024 Protective Order. (Doc. 57.)

3.	Defendants object to each Request to the extent it seeks discovery concerning allegations already dismissed by the Court's September 6, 2024, Opinion and Order on Defendants' Motion to Dismiss the Amended Complaint. (Doc. 42.) Rule 36 does not permit discovery into topics unrelated to any claim or defense in the case. "To the extent plaintiffs may wish to inspect such records in the hope to try to revive dismissed claims in this litigation, such is not a proper purpose for discovery." *Altimeo Asset Management on behalf of ODS Cap. LLC v. Qihoo 360 Tech. Co.*, 2023 WL 9183744, at *2 (S.D.N.Y. Dec. 7, 2023).

4.	These responses are made solely for the purpose of and in relation to this Action. Each answer is given subject to all appropriate objections that would require the exclusion at trial of any statement contained or document provided herein. All such objections and the grounds therefore are hereby reserved.

5.	Defendants' answers to these Requests are based on information now known to Defendants. These answers are made without prejudice to Defendants' rights to supplement their

answers in the event that relevant information is discovered at a later time.  Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.    Defendants object to the definition of "Communication" as broader than the uniform definition for "Communication" set forth in Local Rule 26.3(c)(1), and therefore in violation of the Rule.  L. Civ. R. 26.3(a) ("No discovery request may use broader definitions or rules of construction than those set forth in paragraphs (c) and (d).").

2.    Defendants object to the definition of "concerning" as broader than the uniform definition for "concerning" set forth in Local Rule 26.3(c)(7), and therefore in violation of the Rule.  L. Civ. R. 26.3(a) ("No discovery request may use broader definitions or rules of construction than those set forth in paragraphs (c) and (d).").

3.    Defendants object to the definition of "Emerson" as including a range of entities and natural persons that are not Emerson Electric Company.

4.    Defendants object to the definition of "National Instruments" or the "Company" because the definition purports to include entities and persons other than National Instruments Corporation, the defendant in this litigation.  Defendants further object that this definition is overly broad and vague because the definition is circular; it defines National Instruments to include a range of entities and persons—including "partners," "affiliates," past or present "agents, employees, representatives, associates, or attorneys"—*and* "any Person" "purporting to act" on behalf of the defined-term "National Instruments" *and* "any Person" "purporting to act" on behalf of this range of entities and "Persons."  Further, the definition is overbroad to the extent it includes, in part (b), any "Person" acting on behalf of the other "Persons" listed in part (a), regardless of the

"Person's" capacity or authority (actual or apparent) to act on behalf of National Instruments and regardless of any relationship between the Person's actions and National Instruments.

5.     Defendants object to the definition of "Person" as broader than the uniform definition for "Person" set forth in Local Rule 26.3(c)(6), and therefore in violation of the Rule. L. Civ. R. 26.3(a) ("No discovery request may use broader definitions or rules of construction than those set forth in paragraphs (c) and (d).").

6.     Defendants object to the definition of "Transaction" as vague because it includes the contemplated and consummated acquisition of National Instruments' common stock by Emerson, the definitive merger agreement and "any related agreements," *and* Emerson's "offer letters" and any "proposed" acquisition, including the proposals that National Instruments rejected when it declined to enter into any, and there was no, "Transaction" or "agreements." Further, the definition is overbroad because it combines multiple distinct phases of engagement, or lack thereof, between National Instruments and Emerson, in 2022 and 2023, many of which are not at issue in this Action. These phases include: from May 16, 2022 to August 2, 2022, when Emerson initiated communication with National Instruments, sent two letters with an acquisition proposal, and National Instruments twice rejected such proposal; from August 3, 2022, to November 3, 2022, when there was no pending acquisition proposal and no communication between National Instruments and Emerson; from November 3, 2022, to January 13, 2023, when Emerson submitted an improved proposal to National Instruments and National Instruments took steps to further consider the proposal, including forming a Transaction Evaluation Committee of the Board and executing a confidentiality agreement with Emerson; and from January 13, 2023, to April 12, 2023, when National Instruments announced a strategic review process, wherein it would solicit interest from potential acquirers, and ultimately National Instruments entered a merger

4

agreement with Emerson. Defendants shall interpret the "Transaction" to mean engagement between Emerson and National Instruments between May 16, 2022 and the end of the Class Period, including Emerson's outreach to National Instruments, Emerson's proposal letters on May 25, 2022 and June 22, 2022, National Instruments' consideration of Emerson's proposal, and National Instruments' rejections of Emerson's proposal on June 16, 2022 and August 2, 2022.

7.      Defendants object to the definition of the "Relevant Time Period" as overbroad and unduly burdensome because it covers a wide period outside the scope of the Class Period and remote from any relevant events.  The definition of Relevant Time Period covers five months before May 2022, when Emerson first initiated communication with National Instruments.  The definition also covers more than 38 months after the end of the Class Period.  Under Rule 36(a)(1), requests for admission must be relevant to a party's claims or defenses and proportional to the needs of the case.  Except where events after October 31, 2022 are relevant in this Action—for example, for Requests relating to Defendants' assertion of certain defenses or reliance on certain evidence in this Action—Defendants shall interpret the "Relevant Time Period" to be from May 16, 2022, through October 31, 2022.

8.      Defendants object to the Instructions to the extent that they seek to impose upon Defendants any obligation or duty different from or beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, any court order in this Action, or any other applicable authority.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST FOR ADMISSION NO. 1**

Admit that You are asserting an advice of counsel defense and/or good faith defenses in this Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1**

Defendants object to this Request as vague and ambiguous regarding the term "defenses," as advice of counsel and good faith are properly understood as defeating elements of Lead Plaintiff's claims.

**Answer:** Subject to and without waiving their objections, Defendants admit that they intend to introduce evidence of their good faith and advice of counsel in the defense of this action.

**REQUEST FOR ADMISSION NO. 2**

Admit that the advice that You intend to rely on in defending this Action came from WLRK.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

**Answer:** Admitted in part and denied in part. It is denied in part because the term "the advice" appears to suggest that WLRK is the exclusive source of any advice received by National Instruments that it might use in defense of this case. National Instruments intends to rely on the advice of in-house counsel at National Instruments, including Eddie Dixon and Albert Percival, and from its other professional advisors.

**REQUEST FOR ADMISSION NO. 3**

Admit that in defending this Action, You intend to introduce evidence that Your legal counsel at WLRK provided You with advice concerning the Transaction, including Emerson's May 25, 2022 and June 22, 2022 offer letters, and the Repurchases.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**

Defendants repeat and restate their objection to the definition of "Transaction," which includes phases of engagement, or lack thereof, between National Instruments and Emerson that are not at issue in this Action.

**Answer:** Subject to and without waiving their objections, Defendants admit only that they intend to introduce evidence that WLRK advised Defendants concerning Emerson's outreach and proposals to National Instruments, beginning May 2022 and including Emerson's May 25, 2022 and June 22, 2022 letters, and concerning the Repurchases.

**REQUEST FOR ADMISSION NO. 4**

Admit that the substantive advice You claim to have received from WLRK concerning the Repurchases was not communicated to You in writing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**

**Answer:** Denied.

**REQUEST FOR ADMISSION NO. 5**

Admit that WLRK did not provide You with a written analysis of Your disclosure obligations under the Securities Exchange Act of 1934 and any rules or regulations promulgated therein in connection with the Repurchases during the Class Period.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5**

**Answer:** Admitted in that WLRK did not send National Instruments a written analysis that states it is addressing "disclosure obligations under the Securities Exchange Act of 1934 and any rules or regulations promulgated therein" regarding repurchases.

**REQUEST FOR ADMISSION NO. 6**

7

Admit that You intend to rely on oral advice You claim to have received from WLRK concerning the Repurchases.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6**

**Answer:** Admitted. In addition, Defendants intend to rely on documentary evidence related to WLRK's advice, as well as advice from in-house counsel at National Instruments, including Eddie Dixon and Albert Percival.

**REQUEST FOR ADMISSION NO. 7**

Admit, as reflected in the Document bearing Bates number NAT-SL-00020498-NAT-SL-00020499, that ███████████████████████████████████████████

███████████████████████████████

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

Defendants repeat and restate their objection to the definition of "Relevant Time Period," which includes 38 months after the Class Period. Given the overbroad definition of "Relevant Time Period," the Request relates to discussions between Defendants and WLRK that occurred after WLRK's defensive engagement by National Instruments beginning in May 2022 through the Class Period, and that were instead pursuant to a separate engagement of WLRK by National Instruments after the Class Period that is not at issue in this Action.

**Answer:** Subject to and without waiving their objections, Defendants admit only that, as reflected in the Document bearing Bates number NAT-SL-00020498-NAT-SL-00020499, Eddie Dixon, Chief Legal Officer at National Instruments, emailed Sabastian Niles, an attorney at WLRK, on June 28, 2022, requesting that Niles send a proposal addressing: "███████████

███████████████████████████████████████████

8

███████████████████████████████████

███████

**REQUEST FOR ADMISSION NO. 8**

Admit that the fees WLRK received for its work on the Transaction were based (directly or indirectly) on the price at which Emerson purchased National Instruments.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**

Defendants repeat and restate their objection to the definition of "Transaction," which includes phases of engagement, or lack thereof, between National Instruments and Emerson that are not at issue in this Action. Further, Defendants repeat and restate their objection to the "Relevant Time Period," which includes distinct phases of WLRK's engagement by National Instruments, including engagements after the Class Period and not at issue in this Action.

**Answer:** Subject to and without waiving their objections, Defendants deny that, from May 2022 through the Class Period, there was an agreement between Defendants and WLRK under which the fees WLRK received for its work for National Instruments were based on the price at which Emerson purchased National Instruments.

**REQUEST FOR ADMISSION NO. 9**

Admit that a higher purchase price by Emerson for National Instruments increased, or would tend to increase, the attorneys' fees paid to WLRK for its work on the Transaction.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**

Defendants repeat and restate their objection to the definition of "Transaction," which includes phases of engagement, or lack thereof, between National Instruments and Emerson that are not at issue in this Action. Further, Defendants repeat and restate their objection to the

9

"Relevant Time Period," which includes distinct phases of WLRK's engagement by National Instruments, including engagements after the Class Period and not at issue in this Action.

**Answer:** Subject to and without waiving their objections, Defendants deny that, from May 2022 through the Class Period, there was an agreement between Defendants and WLRK under which a higher purchase price by Emerson for National Instruments increased, or would tend to increase, the attorneys' fees paid to WLRK by National Instruments.

## REQUEST FOR ADMISSION NO. 10

Admit that WLRK's compensation grew in proportion to the price Emerson paid for shares of National Instruments' common stock.

## RESPONSE TO REQUEST FOR ADMISSION NO. 10

Defendants repeat and restate their objection to the "Relevant Time Period," which includes distinct phases of WLRK's engagement by National Instruments, including engagements after the Class Period and not at issue in this Action.

**Answer:** Subject to and without waiving their objections, Defendants deny that, from May 2022 through the Class Period, there was an agreement between Defendants and WLRK under which WLRK's compensation grew in proportion to the price Emerson paid for shares of National Instruments' common stock.

## REQUEST FOR ADMISSION NO. 11

Admit that You did not seek legal advice from any outside law firm other than WLRK about Your disclosure obligations in connection with the Repurchases.

## RESPONSE TO REQUEST FOR ADMISSION NO. 11

**Answer:** With the understanding that this relates to disclosure obligations in light of Emerson's outreach, admitted.

## REQUEST FOR ADMISSION NO. 12

Admit that Emerson's $48 per share offer price exceeded the market prices for National Instruments common stock during the Class Period.

## RESPONSE TO REQUEST FOR ADMISSION NO. 12

**Answer:** Denied. This Request refers to a "$48 per share offer." As reflected in the documents beginning with Bates NAT-SL-00001264 and NAT-SL-00002992, Emerson's letters to National Instruments on May 25, 2022 and June 22, 2022 both included the following language: "This Proposal constitutes neither an offer nor evidence of the existence of an offer, and is not intended to be and does not create a binding legal obligation on any party and no party will have any obligation or liability with respect to the Proposal, unless and until the execution of the Definitive Agreement by the parties hereto and then subject to the terms thereof."

## REQUEST FOR ADMISSION NO. 13

Admit that all of the Repurchases were at prices below $48 per share.

## RESPONSE TO REQUEST FOR ADMISSION NO. 13

**Answer:** Admitted.

## REQUEST FOR ADMISSION NO. 14

Admit that National Instruments' expenditures on the Repurchases constituted the largest quarterly repurchases in National Instruments' history on a dollar basis.

## RESPONSE TO REQUEST FOR ADMISSION NO. 14

**Answer:** Admitted.

11

**REQUEST FOR ADMISSION NO. 15**

Admit that You did not abstain from repurchasing shares of National Instruments common stock in August 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15**

Defendants object to the extent the Request implies that Defendants had any obligation to abstain from repurchasing shares of National Instruments common stock in August 2022. Defendants were under no such obligation because they did not possess material non-public information. Subject to and without waiving their objections, Defendants answer as follows:

**Mr. Starkloff's Answer:** Denied. Mr. Starkloff did not purchase any shares of National Instruments common stock in August 2022. Mr. Starkloff sold shares of National Instruments common stock in August 2022.

**Mr. McGrath's Answer:** Denied.

**National Instruments' Answer:** Admitted.

**REQUEST FOR ADMISSION NO. 16**

Admit that You did not abstain from repurchasing shares of National Instruments common stock in September 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16**

Defendants object to the extent the Request implies that Defendants had any obligation to abstain from repurchasing shares of National Instruments common stock in September 2022. Defendants were under no such obligation because they did not possess material non-public information. Subject to and without waiving their objections, Defendants answer as follows:

**Mr. Starkloff's Answer:** Denied.

12

**Mr. McGrath's Answer:** Denied.

**National Instruments' Answer:** Admitted.

## REQUEST FOR ADMISSION NO. 17

Admit that You did not disclose the Transaction, including Emerson's May 25, 2022 and June 22, 2022 offer letters, during the Class Period.

## RESPONSE TO REQUEST FOR ADMISSION NO. 17

Defendants object to the extent the Request implies that Defendants had any obligation to disclose during the Class Period information related to Emerson's outreach to National Instruments, Emerson's proposal letters, National Instruments' consideration of Emerson's proposal, and National Instruments' rejection of Emerson's proposal. Defendants were under no such obligation because they did not possess material non-public information. *See also* (Doc. 42, at 15) (dismissing theory of Section 10(b) and Rule 10b-5 liability premised on alleged material misrepresentations or omissions).

Defendants repeat and restate their objection to the definition of "Transaction," which includes phases of engagement, or lack thereof, between National Instruments and Emerson that are not at issue in this Action. Defendants object to the extent the Request assumes there was a "Transaction" between Emerson and National Instruments at any time in May 2022 through the Class Period. Further, Defendants object to the extent the Request assumes Emerson made an "offer" to National Instruments in its May 25, 2022 and June 22, 2022 letters. As reflected in the documents beginning with Bates NAT-SL-00001264 and NAT-SL-00002992, Emerson's letters to National Instruments on May 25, 2022 and June 22, 2022 both included the following language: "This Proposal constitutes neither an offer nor evidence of the existence of an offer, and is not intended to be and does not create a binding legal obligation on any party and no party will have

13

any obligation or liability with respect to the Proposal, unless and until the execution of the Definitive Agreement by the parties hereto and then subject to the terms thereof."

**Answer:** Subject to and without waiving their objections, Defendants deny that there was a transaction to disclose  or an "offer" and admit only that they did not publicly disclose Emerson's outreach to National Instruments or its rejection of Emerson's proposal during the Class Period.

Dated: January 7, 2026

*With respect to the objections:*

**DOWD BENNETT LLP**

By: /s/ *James F. Bennett*
James F. Bennett (*pro hac vice*)
John D. Comerford (*pro hac vice*)
Jeremy M. Hofman (*pro hac vice*)
Dowd Bennett LLP
7676 Forsyth Blvd., Suite 1900
St. Louis, MO 63105
Telephone:  (314) 889-7300
Facsimile:   (314) 863-2111
jbennett@dowdbennett.com
jcomerford@dowdbennett.com
jhofman@dowdbennett.com


Andrew Ditchfield
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
andrew.ditchfield@davispolk.com

*Counsel for Defendants*

14

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on this 7th day of January, 2026, the foregoing responses and objections were served via email on all attorneys of record for Lead Plaintiff.


/s/ *James F. Bennett*