# DOWD BENNETT LLP

| | | |
|---|---|---|
| **John D. Comerford** | **Direct Dial: (314) 889-7311** | **Email: jcomerford@dowdbennett.com** |

February 2, 2026

<u>VIA ECF</u>

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

*Granted.
Jenise Cote
2/6/26*

**Re:** *In re National Instruments Corporation Securities Litigation*, 23-cv-10488-DLC

Dear Judge Cote:

Defendants National Instruments Corporation ("NI"), Eric Starkloff, and Michael McGrath ("Defendants") write in accordance with Rule 8.B of chambers' Individual Practices in Civil Cases and paragraph 5(e) of the Protective Order in this case, ECF 57, to request leave to keep the materials described herein under seal. These documents are pleadings and exhibits filed by Plaintiff under seal and/or with redactions on January 26, 2026, along with Plaintiff's Letter Motion to Seal, ECF 124, which this Court granted on February 2, 2026, ECF 136. Defendants respectfully request that this Court authorize the continued sealing and redaction of competitively sensitive business information cited from documents and deposition transcripts designated as Confidential pursuant to the Protective Order in this case, ECF 57, by National Instruments and third-parties Bank of America Securities, Inc. ("BofA") and Wachtell, Rosen, Lipton & Katz ("Wachtell").

Defendants have filed multiple prior Letter Motions with this Court requesting leave to file confidential information under seal, or to keep confidential information filed by Plaintiff under seal. ECF 94, ECF 108. Those Letter Motions have requested sealing of the same categories of information included in the documents filed by Plaintiff on January 26, 2026, and addressed herein. This Court granted Defendants' prior requests to seal. ECF 100, 119.

Pursuant to Rule 8.B, Defendants are publicly filing contemporaneously herewith, with their requested redactions, copies of all documents described herein for which Defendants request leave to have filed with redactions. Defendants are also contemporaneously filing under seal copies of all documents described herein for which Defendants request leave to remain filed under seal in their entirety.

<u>Legal Standard</u>

The First Amendment's presumption of public access to judicial documents prevents sealing from the public "without sufficient justification." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *New York C.L. Union v. New York City Transit Auth.*, 684

Honorable Denise L. Cote
February 2, 2026
Page 2

F.3d 286, 296 (2d Cir. 2012)). This presumption can be "overcome by specific, on-the-record findings that sealing is necessary to preserve higher values" and where "the sealing order is narrowly tailored to achieve that aim." *Id.* (cleaned up).

Such "higher values" that courts find sufficient to warrant sealing or redactions include "the protection of competitively sensitive business information" and "the preservation of attorney-client privilege." *Phase One Network, Inc. v. Ye*, No. 22-CV-9511, 2024 WL 964613, at *2 (S.D.N.Y. Mar. 5, 2024). Sealing or redaction is warranted where judicial documents contain "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (cleaned up) (holding redactions warranted for information on manufacturer's "advertising expenditures and plans" and "merchandising strategies, policies, and sales"); *Hesse v. SunGard Sys. Int'l*, No. 12-cv-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing documents with "sensitive client information and proprietary business information, including *inter alia*, the company's billing rates and project pricing"). In addition, sealing or redaction is especially warranted where such "higher values" implicate the confidential information of third parties. *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

Analysis

Consistent with Defendants' August 8, 2025 Letter Motion to Seal, ECF 94, and December 22, 2025 Letter Motion to Seal, ECF 108—granted by the Court on August 14, ECF 100, and December 30, ECF 119—Defendants request leave to keep under seal and with redactions documents containing sensitive, confidential business information of third parties.

Many of the Confidential documents cited reflect certain strategies and methodologies of Emerson as it made its initial proposals to NI and purchased NI shares on the open market. These documents contain "business information and strategies, which, if revealed, [would] provide valuable insights into [Emerson's] current business practices that a competitor would seek to exploit" – specifically, this Confidential Information would provide Emerson's competitors with a recent case study illustrating Emerson's potential strategies in connection with pursuing the acquisition of other companies. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511.

- Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: The redactions on pages 6, 11, and 13.
- Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude: The redactions on pages 5, 12, and 21.
- Plaintiff's Response to Defendants' Rule 56.1 Statement and Counterstatement: In Plaintiff's Response, the redactions in paragraphs 52, 141, 147, 153, 154, 160, and 169. In Plaintiff's Counterstatement, the redactions in paragraphs 63, 64, 67, 69, and 70.
- Exhibits to the Declaration of Noam Mandel, ECF 130-31: The redactions in Exhibit 1, pages 123, 124, 125, 127, 128, 129, 130, 137, 143, 147, and 152; Exhibit 2, pages 95 and 291; Exhibit 3, pages 57, 65, 66, 67, 69, and 86; Exhibit 4, pages 114, 115, 116, 117, 150,

Honorable Denise L. Cote
February 2, 2026
Page 3

177, and 178; Exhibit 6, pages 59, 60, 61, and 62; Exhibit 7, pages 203, 227, 228, 232, 237, and 238; Exhibit 8, pages 133, 143, 213, 215, 221, 222, 227, 228, 229, 230, 231, 232, 233, 234, 235, and 262; Exhibit 9, pages 271 and 272; Exhibit 50; and Exhibit 60, page 4.

In addition, many of the Confidential documents cited reflect the business strategies of multiple firms engaged by NI to provide analysis and advice in connection with the proposals by Emerson and the NI share repurchases at issue in this case. These firms are in the business of providing such analysis and advice. The disclosure of their terms of engagement, pricing, strategies, and analysis could similarly provide "valuable insights into [their] current business practices that a competitor would seek to exploit" – just as for Emerson, this Confidential Information would provide competitors of these firms with a case study in how they structure their engagements and provide analysis to clients. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511; *Hesse*, 2013 WL 174403, at *2 (sealing documents with "proprietary business information," such as "billing rates and project pricing").

NI's outside legal counsel, Wachtell, Lipton, Rosen & Katz ("Wachtell"), provided legal analysis and advice to NI in relation to Emerson's proposals and NI's share repurchases.[1] The following documents contain Wachtell's confidential information, including strategic analysis and terms of engagement—as well as limited reference to the analysis and terms of engagement of other law firms—and include documents produced and designated confidential by Wachtell in this action.

- <u>Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment</u>: The redactions on pages 6, 18, 20, and 21.
- <u>Plaintiff's Response to Defendants' Rule 56.1 Statement and Counterstatement</u>: In Plaintiff's Response, the redactions in paragraphs 21, 34, 35, 36, 45, 47, 48, 49, 50, 51, 52, 63, 67, 80, 83, 92, 99, 131, 132, 133, 135, 137, 138, 139, 142, and 144. In Plaintiff's Counterstatement, the redactions in paragraphs 19, 20, 35, 36, 37, 60, 66, 70, and 71.
- <u>Exhibits to the Declaration of Noam Mandel, ECF 130-31</u>: Exhibits 24, 29, 32, 33, 57, and 58 were produced and designated confidential by Wachtell. The entirety of Exhibit 55. The redactions in Exhibit 1, pages 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49, 58, 59, 60, 62, 63, 64, 65, 66, 67, 124, 154, 163, and 164; Exhibit 2, pages 81, 82, 83, 84, 85, 86, 87, 88, 90, 92, 93, 94, 116, 117, 120, 122, 123, 124, 292, 293, and 296; Exhibit 3, pages 14, 20, 21, 22, 30, 31, 32, 33, 34, 37, 38, 57, 58, 59, 60, and 61; Exhibit 4, pages 42, 43, 44, 45, 47, 59, 60, 77, 114, 117, 119, 166, and 167; Exhibit 6, pages 19, 20, 21, 22, 23, 24, 50, and 59; Exhibit 7, pages 201, 202, 203, 204, 206, 207, 208, 209, 213, 214, 215,

---

[1] Defendants acknowledge they have waived attorney-client privilege in this litigation with respect to legal advice from Wachtell rendered between May 25, 2022 and October 31, 2022 about NI's share repurchases and any actual or potential transaction involving Emerson. That being said, NI's limited privilege waiver when producing certain documents, which Defendants have designated Confidential pursuant to the Protective Order, does not constitute a waiver of Defendants' position that such information is Confidential and that "higher values" warrant sealing such information. *See, e.g., In re Leslie Fay Companies, Inc. Sec. Litig.*, 161 F.R.D. 274, 284 (S.D.N.Y. 1995) ("[T]he Second Circuit [has] indicated that the disclosure of privileged information to the government may not constitute a waiver if the government agrees to maintain the confidentiality of the disclosed materials.").

Honorable Denise L. Cote
February 2, 2026
Page 4

216, 217, 218, 219, 221, 222, 223, 224, 225, 226, and 230; Exhibit 8, pages 206, 207, 208, 209, 210, 211, 236, and 298; Exhibit 9, pages 192, 193, 195, 197, 198, 201, 202, and 212; Exhibit 46; and Exhibit 65.

Bank of America Securities, Inc. ("BofA") was engaged by NI as its lead financial advisor in connection with an actual or potential transaction involving Emerson to review, consider, and analyze any such acquisition and potential responses thereto. The following documents contain BofA's confidential information, including strategic analysis and terms of engagement, and include documents produced and designated confidential by BofA in this action. In addition, some of the redacted materials cite to, and quote from, the deposition of Shawn Liu as BofA's corporate representative in this action, and BofA has designated the transcript of Mr. Liu's deposition Confidential.

- Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: The redactions on page 7.
- Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude: The redactions on page 20.
- Plaintiff's Response to Defendants' Rule 56.1 Statement and Counterstatement: In Plaintiff's Response, the redactions in paragraphs 58, 59, 60, 61, 62, and 126. Further, the redactions in paragraphs 45, 61, 62, 93, 119, 120, 121, and 126 cite and quote the deposition testimony of Shawn Liu. In Plaintiff's Counterstatement, the redactions in paragraphs 35, 59, 75, and 78. Further, the redactions in paragraphs 68 and 79 cite and quote the deposition testimony of Shawn Liu.
- Exhibits to the Declaration of Noam Mandel, ECF 130-31: Exhibits 5, 22, 25, 28, 47, and 61 in their entirety. Specifically, Exhibit 5 is the transcript of the deposition of Shawn Liu, and Exhibit 28 was produced by BofA—both of which were designated Confidential by BofA. The redactions in Exhibit 1, pages 52 and 53; Exhibit 2, pages 110, 111, 112, 113, 114, and 115; Exhibit 6, page 34; Exhibit 7, pages 192, 193, 194, 195, 196, and 265; Exhibit 8, pages 236, 237, 238, 239, 240, 242, 246, 247, 248, 249, 250, 251, and 257; and Exhibit 44.

MacKenzie Partners, Inc. ("MacKenzie"), a proxy solicitation, investor relations, and corporate governance firm, was engaged by NI to perform certain services in connection with an actual or potential transaction involving Emerson. The following documents contain MacKenzie's confidential information, including strategic analysis.

- Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment: The redactions on page 6.
- Plaintiff's Response to Defendants' Rule 56.1 Statement and Counterstatement: In Plaintiff's Counterstatement, the redactions in paragraph 69.
- Exhibits to the Declaration of Noam Mandel, ECF 130-31: The entirety of Exhibit 43. The redactions in Exhibit 3, page 66; Exhibit 4, page 150; Exhibit 6, pages 61 and 62; Exhibit 50; and Exhibit 56.

Honorable Denise L. Cote
February 2, 2026
Page 5

FGS Global provided NI with analysis and advice regarding strategic communications relating to an actual or potential transaction involving Emerson. The following documents contain FGS's confidential information, including strategic analysis and terms of engagement.

- Plaintiff's Response to Defendants' Rule 56.1 Statement and Counterstatement: In Plaintiff's Response, the redactions in paragraphs 97 and 98. In Plaintiff's Counterstatement, the redactions in paragraphs 37 and 38.
- Exhibits to the Declaration of Noam Mandel, ECF 130-31: The redactions in Exhibit 37.

Finally, some of the Confidential documents cited include references to third parties discussed by NI, or with whom NI engaged, who have no connection to this litigation. The disclosure of this information could reveal sensitive confidential information about these entities, such as that they discussed with, or were engaged by, NI. *See N. Star IP Holdings*, 710 F. Supp. 3d at 211.

- Plaintiff's Response to Defendants' Rule 56.1 Statement and Counterstatement: In Plaintiff's Counterstatement, the redactions in paragraphs 51 and 52.
- Exhibits to the Declaration of Noam Mandel, ECF 130-31: The redactions in Exhibit 1, page 100; Exhibit 3, page 47; Exhibit 6, pages 51, 52, 53, 54, and 58; Exhibit 36; Exhibit 38; Exhibit 39; Exhibit 42; and Exhibit 60, pages 3 and 4.

Conclusion

Defendants respectfully request the Court authorize the documents discussed herein to remain redacted and/or sealed on the public docket, with the redactions requested by Defendants in this letter motion and the copies of each document filed contemporaneously herewith.

Respectfully submitted,

/s/ *John D. Comerford*
John D. Comerford

cc: all counsel (via ECF)