# DOWD BENNETT LLP

James F. Bennett                 Direct Dial: (314) 889-7302            Email: jbennett@dowdbennett.com

---

VIA ECF

February 23, 2026

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1910
New York, New York 10007

*Granted.*
*Denise Cote*
*2/24/26*

Re:     *In re National Instruments Corporation Securities Litigation*, 23-cv-10488-DLC

Dear Judge Cote:

Defendants National Instruments Corporation ("NI"), Eric Starkloff, and Michael McGrath ("Defendants") write in accordance with Rule 8.B of chambers' Individual Practices in Civil Cases and paragraph 5(e) of the Protective Order in this case, ECF 57, to request leave to file Defendants' Response to Lead Plaintiff's Rule 56.1 Counterstatement of Additional Material Facts ("Defendants' Response") and Defendants' Reply in Support of Their Motion to Exclude Expert Testimony of Dr. Matthew Cain.

Defendants have filed multiple prior Letter Motions with this Court requesting leave to file confidential information under seal, or to keep confidential information filed by Plaintiff under seal. ECF 94, 108, 137. Those Letter Motions have requested sealing of the same categories of information included in the documents filed today by Defendants and addressed herein. This Court granted Defendants' prior requests to seal. ECF 100, 119, 140.

Pursuant to Rule 8.B, Defendants are publicly filing contemporaneously herewith, with their requested redactions, copies of all documents described herein for which Defendants request leave to file with redactions. Defendants are also contemporaneously filing under seal unredacted copies of each document, with Defendants' requested redactions highlighted.

Legal Standard

The First Amendment's presumption of public access to judicial documents prevents sealing from the public "without sufficient justification." *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *New York C.L. Union v. New York City Transit Auth.*, 684 F.3d 286, 296 (2d Cir. 2012)). This presumption can be "overcome by specific, on-the-record findings that sealing is necessary to preserve higher values" and where "the sealing order is narrowly tailored to achieve that aim." *Id.* (cleaned up).

# DOWD BENNETT LLP

February 23, 2026
Page 2

Such "higher values" that courts find sufficient to warrant sealing or redactions include "the protection of competitively sensitive business information" and "the preservation of attorney client privilege." *Phase One Network, Inc. v. Ye*, No. 22-CV-9511, 2024 WL 964613, at *2 (S.D.N.Y. Mar. 5, 2024). Sealing or redaction is warranted where judicial documents contain "business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (cleaned up) (holding redactions warranted for information on manufacturer's "advertising expenditures and plans" and "merchandising strategies, policies, and sales"); *Hesse v. SunGard Sys. Int'l*, No. 12-cv-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (sealing documents with "sensitive client information and proprietary business information, including inter alia, the company's billing rates and project pricing"). In addition, sealing or redaction is especially warranted where such "higher values" implicate the confidential information of third parties. *N. Star IP Holdings, LLC v. Icon Trade Servs., LLC*, 710 F. Supp. 3d 183, 211 (S.D.N.Y. 2024); *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001).

Analysis

Paragraphs 64, 66, 67, 69, and 70 in Defendants' Response reflect certain strategies and methodologies of Emerson as it made its initial proposals to NI and purchased NI shares on the open market. These documents contain "business information and strategies, which, if revealed, [would] provide valuable insights into [Emerson's] current business practices that a competitor would seek to exploit" – specifically, this Confidential Information would provide Emerson's competitors with a recent case study illustrating Emerson's potential strategies in connection with pursuing the acquisition of other companies. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511.

In addition, many of the Confidential documents cited reflect the business strategies of multiple firms engaged by NI to provide analysis and advice in connection with the proposals by Emerson and the NI share repurchases at issue in this case. These firms are in the business of providing such analysis and advice. The disclosure of their terms of engagement, pricing, strategies, and analysis could similarly provide "valuable insights into [their] current business practices that a competitor would seek to exploit" – just as for Emerson, this Confidential Information would provide competitors of these firms with a case study in how they structure their engagements and provide analysis to clients. *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511; *Hesse*, 2013 WL 174403, at *2 (sealing documents with "proprietary business information," such as "billing rates and project pricing").

Paragraphs 19, 20, 60, and 66 in Defendants' Response reflect the confidential information of NI's outside legal counsel, Wachtell, Lipton, Rosen, & Katz ("Wachtell"), including legal and strategic analysis and terms of engagement. Further, Wachtell produced documents in this matter that have been designated confidential by Wachtell. Paragraphs 35, 36, 37, 70, and 71 in Defendants' Response contain Wachtell's confidential information from those documents.

# DOWD BENNETT LLP

February 23, 2026
Page 3

Paragraphs 35, 59, and 75 in Defendants' Response reflect the confidential information, including strategic analysis and advice, of Bank of America Securities, Inc. ("BofA"), who was engaged by NI as lead financial advisor in connection with NI's review of Emerson's May and June 2022 proposals. Further, paragraphs 65, 68, 75, and 79 in Defendants' Response cite testimony from the deposition of Shawn Liu, BofA's representative, which BofA has designated confidential. Similarly, paragraph 78 of Defendants' Response cites information from a document produced and designated confidential by BofA in this action.

Paragraphs 37 and 38 in Defendants' Response reflects the confidential information, including strategic analysis and terms of engagement, of FGS Global, who provided NI with analysis and advice regarding strategic communications.

Paragraph 69 in Defendants' Response reflects the confidential information of MacKenzie Partners, Inc., who was engaged by NI to perform certain proxy solicitation services.

Paragraphs 51, 52, and 69 in Defendants' Response reflect the confidential information of third parties discussed by NI, or with whom NI engaged, who have no connection to this litigation. The disclosure of this information could reveal sensitive confidential information about these entities, such as that they discussed with, or were engaged by, NI. *See N. Star IP Holdings*, 710 F. Supp. 3d at 211.

Finally, pages 1 n.1 and 2 in Defendants' Reply in Support of Their Motion to Exclude Expert Testimony of Dr. Matthew Cain reflect the deposition testimony of Dr. Matthew Cain, Plaintiff's expert. It is Defendants' understanding that Plaintiff has designated the transcripts of Dr. Cain's depositions confidential. Defendants take no position on the continued redaction of these excerpts from their Reply brief.

Conclusion

Defendants respectfully request the Court authorize the redactions of Defendants' Response and Defendants' Reply in Support of Their Motion to Exclude requested herein.

Sincerely,

James F. Bennett

cc: all counsel (via ECF)