# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re NATIONAL INSTRUMENTS CORPORATION SECURITIES LITIGATION | Civil Action No. 1:23-cv-10488-DLC<br><br>CLASS ACTION |

## [PROPOSED] ORDER APPROVING
## NOTICE AND SUMMARY NOTICE OF PENDENCY OF CLASS ACTION

WHEREAS, the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") was filed in the above-captioned action (the "Action") on March 29, 2024;

WHEREAS, on September 6, 2024, the Court denied in part and granted in part Defendants' motion to dismiss;

WHEREAS, by order dated September 19, 2025, the Court certified the Action to proceed as a class action on behalf of a class consisting of all persons who sold National Instruments Corporation ("National Instruments") common stock between August 12, 2022 and August 30, 2022 and/or between September 12, 2022 and September 28, 2022, inclusive, and were damaged thereby (the "Class," and each member thereof, a "Class Member");[1]

WHEREAS, on February 11, 2026, the U.S. Court of Appeals for the Second Circuit denied Defendants' motion for leave to immediately appeal the class certification order under Rule 23(f) of the Federal Rules of Civil Procedure;

WHEREAS, Class Representative Wayne County Employees' Retirement System ("Class Representative") has moved the Court, under Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure, for an Order approving the proposed form and content of the Notice of Pendency of Class Action (the "Notice") and the Summary Notice of Pendency of Class Action (the "Summary

---

[1] Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

Notice" and together with the Notice, the "Notices") to be disseminated to the Class, as well as the proposed method for dissemination of these Notices;

WHEREAS, Defendants do not oppose Class Representative's motion; and

WHEREAS, the Court has reviewed the Notices submitted by the Class Representative and has found good cause for entering the following Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Court approves the form, substance, and content of the Notices.

2. The proposed form and content of the Notices meet the requirements of Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure. The Notices clearly and concisely state in plain and easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a Class Member may enter an appearance through an attorney if the member so desires; that the Court will exclude from the Class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure. The Notices, and the method and schedule set forth below for notifying the Class of the pendency of the Action as a class action, meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to notice.

3. Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Notice Administrator") to supervise and administer the notice procedure as provided below:

(a) not later than 30 days after entry of this Order, Defendants must provide or cause to be provided to the Notice Administrator (at no cost to the Class Representative or the Class) shareholder records in their possession or under their control (consisting of shareholder

names and addresses, and email addresses if available) in electronic form identifying persons who sold National Instruments common stock in their own name between August 12, 2022 and August 30, 2022, inclusive, and/or between September 12, 2022 and September 28, 2022, inclusive (the "Class Period"). Defendants must also obtain from National Instruments' proxy solicitor a list reflecting the names and addresses of banks, brokers, and other nominees that sold National Instruments common stock in street name during the Class Period, which list must be provided in electronic form to the Notice Administrator not later than 30 days after entry of this Order (at no cost to the Class Representative or the Class);

(b)    not later than 60 days after the date of entry of this Order (the "Notice Date"), the Notice Administrator must (i) cause a copy of the Notice, substantially in the form attached as Exhibit B to the declaration filed with Class Representative's Motion, to be emailed to potential Class Members at the email addresses in the records provided or caused to be provided by National Instruments in accordance with paragraph 3(a) above, or who may otherwise be identified through further reasonable effort; and (ii) cause a copy of the Summary Notice, substantially in the form attached as Exhibit C to the declaration filed with Class Representative's Motion, to be mailed to potential Class members for whom email addresses are not available;

(c)    no later than the Notice Date, the Notice Administrator must cause copies of the Notice to be posted on a website to be developed for Class Members ("Case Website"), from which copies of the Notice can be downloaded; and

(d)    no later than the Notice Date, the Notice Administrator must cause the Summary Notice, substantially in the form attached as Exhibit C to the Class Representative's Motion, to be published once in *Investor's Business Daily* and to be transmitted once over *PR Newswire*.

3

4.      Brokers and other nominees who sold National Instruments common stock during the Class Period for the beneficial interest of other persons must (a) within 7 days of receipt of the Notice Administrator's letter notifying them of this Action, request from the Notice Administrator sufficient copies of the Summary Notice to mail to all of those beneficial owners and within 7 days of receipt of those Summary Notices mail them to all of those beneficial owners; (b) within 7 days of receipt of the Notice Administrator's letter, request from the Notice Administrator the link to the electronic Notice on the Case Website and within 7 calendar days of receipt of the link email it to all beneficial owners for whom valid email addresses are available, and mail the Summary Notice, copies of which shall be provided by the Notice Administrator upon request, to all other beneficial owners, within 7 calendar days of receipt of those Summary Notices; or (c) within 7 days of receipt of the Notice Administrator's letter, provide a list of the names, addresses, and email addresses (if available) of all of those beneficial owners to the Notice Administrator, after which the Notice Administrator must promptly mail the Summary Notice or, if the Notice Administrator receives a valid email address, email the electronic Notice to those identified beneficial owners. Nominees who elect to send the Summary Notice or email the link to the electronic Notice to beneficial owners must send a statement to the Notice Administrator confirming that the mailing or emailing was made and must retain their mailing and emailing records for use in connection with any further notices that may be provided in the Action. Upon full compliance with this Order, these nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Notice Administrator with proper documentation supporting the expenses for which reimbursement is sought, up to a maximum of: $0.02 plus postage at the current pre-sort rate used by the Notice Administrator per Summary Notice actually mailed; $0.02 per link to the electronic Notice sent by email; or $0.02

4

per name, address, and email address provided to the Notice Administrator. Any disputes with respect to the reasonableness or documentation of expenses incurred will be subject to review and determination by the Court.

5. Class Members will be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner. A Class Member wishing to make a request for exclusion must mail the request in written form by first class mail, postmarked no later than 60 calendar days after the Notice Date, to the address designated in the Notice. The request for exclusion must clearly state that the Class Member "requests exclusion from the Class in *In re National Instruments Corp. Securities Litigation,* Case No. 1:23-cv-10488" and must (i) state the name, address, and telephone number of the person requesting exclusion; (ii) state the number of shares of National Instruments common stock purchased, otherwise acquired, and/or sold during the Class Period as well as the dates and prices of each purchase, acquisition, and/or sale of National Instruments common stock during the Class Period; and (iii) be signed by the person requesting exclusion or an authorized representative, accompanied by proof of authorization. The request for exclusion will not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

6. Any Class Member who retains separate counsel in connection with this matter must enter an appearance under Rule 23(c)(2) of the Federal Rules of Civil Procedure, as stated in the Notice, no later than 90 days after the Notice Date. Class Members who retain separate counsel must do so at their own expense.

7. Class Counsel must file with the Court proof of mailing of the Summary Notice, proof of emailing of the Notice if applicable, and proof of publication of the Summary Notice,

within 10 days following the Notice Date. Class Counsel must also file an affidavit or declaration with the Court listing all persons who have requested exclusion from the Class within 30 days following the expiration of the exclusion deadline.

8.    This Order may be modified by the Court upon motion by any party, for good cause shown.

9.    This Order and the related Notices are not intended to affect any party's right to assert any properly preserved claim, defense, or other issue, even if the claim, defense, or issue is not specifically identified in the Notices.

10.    The above schedule is summarized in the table below:

| Event | Deadline |
|---|---|
| Defendants to provide stockholder information to Notice Administrator. | 30 days after the date of this Order |
| Notice Administrator to mail Summary Notice, email Notice, launch website, and publish Summary Notice. | 60 days after the date of this Order ("Notice Date") |
| Class Counsel to file proof of Notice. | 10 days after Notice Date |
| Brokers or other nominees to (a) request from the Notice Administrator copies of Summary Notice and forward to all beneficial owners within 7 days of receipt, (b) request from the Notice Administrator the link to the electronic Notice and send to all beneficial owners with valid email addresses within 7 days of receipt, and mail Summary Notice to all other beneficial owners within 7 days of receipt of copies from the Notice Administrator; or (c) provide a list of the names, addresses, and email addresses (if available) of all beneficial owners to the Notice Administrator, after which the Notice Administrator will promptly mail the Summary Notices or email the electronic Notice. | 7 days after receiving letter from Notice Administrator |
| Any Class Member seeking exclusion to mail the request by first class mail. | 60 days after Notice Date |
| Any counsel representing any Class Member to file notice of appearance. | 90 days after Notice Date |

6

| Class Counsel to file list of all persons who have requested exclusion from the Class. | 90 days after Notice Date (i.e., 30 days after expiration of exclusion deadline) |
| --- | --- |

DATED: _____, 2026          SO ORDERED:


_____

Hon. Denise L. Cote
United States District Judge

7